■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICHARD FARRELL, True Name RICHARD IFILL, Appellant.— Judgment, Supreme Court, New York County (Herbert I. Altman, J.), rendered November 16, 1989, convicting defendant, after a jury trial, of robbery in the first degree, and sentencing him, as a persistent felony offender, to a term of imprisonment of 18 years to life, to run consecutive to concurrent terms of imprisonment of 5 to 10 years imposed for unrelated robbery convictions, unanimously affirmed.

Evidence at trial was that defendant hailed a cab and robbed the driver at gunpoint. A week later in Ohio, when he was stopped by a State Trooper for a traffic infraction, defendant pulled a gun on the Trooper, and threatened to kill him, before being disarmed by other responding State Troopers. Although the gun recovered from defendant in Ohio was an imitation gun not capable of discharging a bullet, it was seemingly different from a gun defendant had allegedly used in a Bronx robbery, as described by that complainant. The court submitted to the jury both robbery in the first degree, which has as an element that the perpetrator used a gun that was operable, as well as robbery in the second degree.

There is no merit to defendant's contention that, as a matter of law, the trial court should have concluded that the imitation gun recovered from him in Ohio was the same gun he used in the robbery of the cab. This was a jury question (see, People v Rosario, 132 AD2d 505, lv denied 70 NY2d 803), and there is no reason to disturb the jury's finding.

We also reject defendant's contention that it was error to admit evidence concerning his assault on the State Trooper in Ohio. Such evidence was probative of defendant's consciousness of guilt (People v Griffin, 126 AD2d 743), and its probative value outweighed the potential for undue prejudice (People v Alvino, 71 NY2d 233, 242). Nor was it an improper exercise of discretion for the trial court to deny defendant's motion for a mistrial, given defendant's attempts to disrupt the trial (People v Mabre, 166 AD2d 339, 340). We defer to the trial court's finding that defendant's disruptive conduct was not a manifestation of his incompetence to stand trial, but an attempt to manipulate the trial at a critical time by feigning mental incompetence.

Defendant failed to alert the trial court to his present claim that he should have been returned to Mid-Hudson Psychiatric Center for an institutional determination of his fitness to proceed to trial pursuant to CPL 730.60 (2). Accordingly, the

claim is not preserved as a matter of law, and we decline to review in the interest of justice. If we were to review, we would note that the several CPL article 730 examinations and hearings in the present case were adequate to protect defendant's right to due process *(see generally, People v Gensler,* 72 NY2d 239, *cert denied* 488 US 932), that a technical violation of CPL 730.60 (2) does not divest a court of jurisdiction, and that final determination of a defendant's competency rests with the court and not with any administrative authority *(see,* CPL 730.30 [2]; 730.50 [2]; Bellacosa, Practice Commentary, McKinney's Cons Laws of NY, Book 11A, CPL 730.60, at 304; *People v Gensler, supra).*

We have considered defendant's remaining contentions, including that he did not have effective assistance of counsel, and find them to be without merit. Concur—Murphy, P. J., Milonas, Rosenberger, Ross and Smith, JJ.