■ The People of the State of New York, Respondent, v Tyrone Wiggins, Appellant. [595 NYS2d 416] —Judgment, Supreme Court, New York County (Daniel FitzGerald, J.), rendered August 22, 1990, convicting defendant, after a jury trial, of attempted murder in the first degree, robbery in the second degree, and assault in the second degree, and sentencing him, as a second felony offender, to concurrent terms of 20 years to life for the attempted murder conviction and 3½ to 7 years for the assault conviction, said concurrent sentences to run consecutively to a term of 6 to 12 years for the robbery, unanimously affirmed.

Viewing the evidence in the light most favorable to the prosecution and giving it the benefit of every reasonable inference *(People v Malizia,* 62 NY2d 755, *cert denied* 469 US 932), the evidence was sufficient as a matter of law to establish that defendant intended to kill the police officer. Defen-

dant twice compressed his forearm on the officer's throat causing him to black out, twice grabbed at the officer's gun attempting to gain control of it. Defendant did not take advantage of an opportunity to flee during the altercation although unrestrained, and, according to an eyewitness, was going to kill the officer, despite the gathered crowd. The court's instructions to the jury under the less rigorous Federal standard defining an attempt as a "substantial step" toward the completion of the crime (to which instruction defendant did not object), instead of under the New York standard requiring conduct that comes " 'dangerously near' " completion of the crime *(People v Mahboubian,* 74 NY2d 174, 190), were not erroneous since the evidence was sufficient to establish defendant's guilt under either standard.

Also without merit is defendant's argument that his right to a fair trial was violated by the court's failure to *sua sponte* order a competency hearing in view of his outbursts in the courtroom. Whether to order a competency exam was a matter within the court's discretion *(People v Rodriguez,* 56 NY2d 557), which was not abused here by the finding that defendant's repeated outbursts, threats of violence, rejection of counsel, and insistence on a nonexistent plea were calculated to occur at certain times for the best manipulative effect. The record demonstrates defendant's awareness of the charges against him and understanding of the nature of the proceedings (CPL 730.10 [1]; 730.30 [1]), as manifested by his desire to take a plea for two of the counts against him but not for the attempted murder count, and his requests for copies of his "paperwork" in order to prepare his defense. Concur—Sullivan, J. P., Milonas, Ross, Kassal and Rubin, JJ.