■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALEXANDER POWELL, Appellant. [740 NYS2d 859] —Judgment, Supreme Court, New York County (William Leibovitz, J.), rendered December 15, 1999, convicting defendant, after a jury trial, of burglary in the first degree, robbery in the first degree and criminal possession of a controlled substance in the seventh degree, and sentencing him, as a second felony offender, to an aggregate term of 12 years, unanimously affirmed.

The court's actions regarding defendant's temporary removal from the courtroom for disruptive behavior were proper exercises of discretion (*see, Illinois v Allen*, 397 US 337). A removed defendant is entitled to reclaim the right to be present by ceasing disruptive behavior (*id.* at 343). When defense counsel conveyed that information to defendant at the court's request, defendant was ultimately permitted to return. During the period that defendant was excluded from the courtroom, he had a reasonable opportunity to consult with counsel and communicate with the court.

The court properly concluded that there was no need for a midtrial competency examination pursuant to CPL article 730 (*see, People v Morgan*, 87 NY2d 878), since there was no reason to believe that defendant had suddenly lost his ability to understand the proceedings and assist in his defense. The record supports the court's determination that defendant's claim of mental illness was a fabrication designed to disrupt and delay the trial.

Defendant was not entitled to be present during a discussion between counsel and the court prior to sentencing concerning security measures, since this was an administrative matter having nothing to do with the severity of the sentence to be imposed, and not a material stage of the proceedings (*see, People v Morales*, 216 AD2d 154, 156). We conclude that counsel provided meaningful representation at sentencing (*see, People v Benevento*, 91 NY2d 708, 713-714). Concur—Nardelli, J.P., Sullivan, Ellerin, Lerner and Rubin, JJ.