■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MANUEL MENDEZ, Appellant. [762 NYS2d 592] —Judgment, Supreme Court, New York County (Colleen McMahon, J.), rendered October 22, 1997, convicting defendant, after a jury trial, of arson in the second degree, burglary in the second degree, intimidating a witness in the third degree and aggravated harassment in the second degree, and sentencing him, as a second felony offender, to an aggregate term of 15 years, unanimously affirmed.

The court properly exercised its discretion when it denied defense counsel's application for a new competency examination pursuant to CPL article 730 since the court's own observations and the totality of the circumstances establish that defendant did not lack the "capacity to understand the proceedings against him or to assist in his own defense," despite defense counsel's claims to the contrary (CPL 730.10 [1]; *People v Morgan,* 87 NY2d 878, 879-880 [1995]; *People v Washington,* 223 AD2d 478 [1996], *lv denied* 88 NY2d 887 [1996]). The most recent psychiatric examination of defendant, which is entitled to "significant weight," was conducted only three months earlier and found him fit to proceed with trial (*People v Tortorici,* 92 NY2d 757, 766 [1999]). Furthermore, defendant made pro se applications, actively assisted his attorney at trial, gave coherent testimony, and otherwise exhibited mental competence. The record warrants an inference that defendant was feigning mental illness and that his eccentric statements and actions "were calculated to occur at certain times for the best manipulative effect" (*People v Wiggins,* 191 AD2d 364, 365 [1993], *lv denied* 81 NY2d 1021 [1993]).

The court properly exercised its discretion in imposing reasonable limits on defendant's cross-examination of the victim about her ties to her estranged husband, whom defendant suggested may have been the true assailant in this case. Defendant received wide latitude in questioning the victim about the nature of her relationship with her husband. There was no good faith basis for defendant's speculative claim about the husband's purported immigration sponsorship of the victim (*see e.g. People v Macon,* 256 AD2d 134 [1998], *lv denied* 93 NY2d 875 [1999]). As for the other line of inquiry at issue, we note that the victim had already answered a question related to the extent of the financial support she received from her husband. Accordingly, there was no violation of defendant's right to cross-examine witnesses and present a defense (*see Delaware v Van Arsdall,* 475 US 673, 678-679 [1986]). Concur—Nardelli, J.P., Tom, Andrias, Sullivan and Friedman, JJ.