THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SEARS A. WILLIAMS, Appellant. [825 NYS2d 862]—

Appeal from a judgment of the Onondaga County Court (Anthony F. Aloi, J.), rendered May 28, 2004. The judgment convicted defendant, upon his plea of guilty, of robbery in the first degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of robbery in the first degree (Penal Law § 160.15 [2]). Although defendant contends that the plea was not knowingly or voluntarily entered because he did not recite the underlying facts of the crime, he is in effect thereby challenging the factual sufficiency of the plea allocution (*see People v White*, 24 AD3d 1220 [2005], *lv denied* 6 NY3d 820 [2006]). Defendant did not preserve that contention for our review because, although he moved to withdraw the plea, he did not do so on the basis that the plea colloquy was factually insufficient (*see People v Brown*, 305 AD2d 1068, 1068-1069 [2003], *lv denied* 100 NY2d 579 [2003]). In any event, defendant's contention is without merit. "There is no requirement that defendant personally recite the facts underlying the crime, and his responses to the questions of [County C]ourt during the plea colloquy did not negate any element of the offense or otherwise cast any doubt on defendant's guilt" (*People v Spikes*, 28 AD3d 1101, 1102 [2006], *lv denied* 7 NY3d 818 [2006]; *see People v Seeber*, 4 NY3d 780, 781 [2005]; *Brown*, 305 AD2d at 1069).

Defendant further contends that the court should have ordered a competency examination pursuant to CPL 730.30 (1). It is well settled that the decision to order a competency examination under CPL 730.30 (1) lies within the sound discretion of the trial court (*see People v Morgan*, 87 NY2d 878, 879 [1995]). "A defendant is presumed competent . . . , and the court is under no obligation to issue an order of examination . . . unless it has 'reasonable ground . . . to believe that the defendant was an incapacitated person' " (*id.* at 880; *see People v Carbonel*, 296 AD2d 858 [2002]). Here, the court did not abuse its discretion in denying defendant's request prior to sentencing for a competency examination (*see People v Flagg*, 17 AD3d 1085 [2005], *lv denied* 5 NY3d 852 [2005]). The only evidence before the court of defendant's alleged incompetency was that defen-

dant had been hospitalized nine years earlier after exhibiting extremely hostile, belligerent and threatening behavior to his family. "A history of prior mental illness or treatment does not itself call into question defendant's competence" (*People v Taylor*, 13 AD3d 1168, 1169 [2004], *lv denied* 4 NY3d 836 [2005]; *see Morgan*, 87 NY2d at 880-881; *People v Barclay*, 1 AD3d 705, 706 [2003], *lv denied* 1 NY3d 567 [2003]; *Carbonel*, 296 AD2d 858 [2002]). There is no indication in the record that defendant was unable to understand the proceedings or that he was mentally incompetent at the time he entered his guilty plea (*see Barclay*, 1 AD3d at 706; *Carbonel*, 296 AD2d 858 [2002]). Present—Martoche, J.P., Smith, Centra and Green, JJ.