THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TODD A. BRANCH, Appellant. (Appeal No. 1.) [855 NYS2d 315]—

Memorandum: In appeal No. 1, defendant appeals from a judgment convicting him upon his plea of guilty of reckless endangerment in the first degree (Penal Law § 120.25) and, in appeal No. 2, he appeals from a judgment convicting him upon his plea of guilty of criminal possession of a weapon in the third degree (§ 265.02 [former (4)]). Contrary to the contention of defendant, the single plea colloquy for both pleas establishes that his waiver of the right to appeal was voluntary, knowing, and intelligent (*see People v Lococo*, 92 NY2d 825, 827 [1998]; *People v Callahan*, 80 NY2d 273, 280 [1992]; *People v Williams*, 39 AD3d 1200 [2007], *lv denied* 9 NY3d 853 [2007]). The further contention of defendant that the pleas were not knowingly, voluntarily, and intelligently entered because he did not recite the underlying facts of the crimes "is actually a challenge to the factual sufficiency of the plea allocution[s] . . . , [which] is encompassed by the valid waiver of the right to appeal" (*People*

*v Wilson*, 38 AD3d 1348 [2007], *lv denied* 9 NY3d 927 [2007]; *People v Williams*, 35 AD3d 1273, 1274 [2006], *lv denied* 8 NY3d 928 [2007]). Defendant also failed to preserve that contention for our review, and this case does not fall within the narrow exception to the preservation requirement (*see People v Lopez*, 71 NY2d 662, 666 [1988]; *Wilson*, 38 AD3d 1348 [2007]; *Williams*, 35 AD3d at 1274). Finally, the challenge by defendant to the severity of the sentence in each appeal is encompassed by his valid waiver of the right to appeal (*see People v Lopez*, 6 NY3d 248, 255 [2006]; *People v Hidalgo*, 91 NY2d 733, 737 [1998]). Present—Scudder, P.J., Martoche, Centra, Fahey and Peradotto, JJ.