■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHRISTOPHER T. HAWKINS, Appellant. [894 NYS2d 686]—

Appeal from a judgment of the Wyoming County Court (Mark H. Dadd, J.), rendered April 19, 2007. The judgment convicted defendant, upon his plea of guilty, of criminal sale of a controlled substance in the fourth degree and attempted promoting prison contraband in the first degree.

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him, upon his plea of guilty, of criminal sale of a controlled substance in the fourth degree (Penal Law § 220.34 [1]) and attempted promoting prison contraband in the first degree (§§ 110.00, 205.25 [2]), defendant contends that County Court erred in denying his motion seeking to withdraw his plea on the ground that he was unable to comprehend the plea proceedings and requesting a competency examination pursuant to CPL article 730. Although the contentions of defendant implicate the voluntariness of his plea and thus survive his waiver of the right to appeal (*see People v Stoddard*, 67 AD3d 1055 [2009]; *People v Bennefield*, 306 AD2d 911 [2003]), we nevertheless conclude that they are without merit.

"[A] defendant is presumed to be competent" (*People v Tortorici*, 92 NY2d 757, 765 [1999], *cert denied* 528 US 834 [1999]; *see People v Wilcox*, 45 AD3d 1320 [2007], *lv denied* 10 NY3d 772 [2008]), and "the court is under no obligation to issue an order of examination . . . unless it has [a] 'reasonable ground . . . to believe that the defendant [is] an incapacitated person' "

(*People v Morgan,* 87 NY2d 878, 880 [1995]; *see People v Williams,* 35 AD3d 1273, 1274 [2006], *lv denied* 8 NY3d 928 [2007]). "The determination of whether to order a competency hearing lies within the sound discretion of the . . . court" (*Tortorici,* 92 NY2d at 766; *see Morgan,* 87 NY2d at 879-880; *Williams,* 35 AD3d at 1274).

Here, the record supports the court's conclusion that defendant's complaints of mental illness were invented by defendant in order to avoid the consequences of the plea (*see People v Powell,* 293 AD2d 423 [2002], *lv denied* 98 NY2d 700 [2002]; *People v Wiggins,* 191 AD2d 364, 365 [1993], *lv denied* 81 NY2d 1021 [1993]; *People v Clickner,* 128 AD2d 917, 918-919 [1987], *lv denied* 70 NY2d 644 [1987]). Indeed, the People presented uncontradicted evidence that defendant feigned mental illness in an attempt to manipulate the criminal justice system (*see generally Powell,* 293 AD2d 423 [2002]; *People v Farrell,* 184 AD2d 396 [1992], *lv denied* 80 NY2d 974, 975 [1992]).

Finally, we note that, although the sentence and commitment contains the correct Penal Law citation for criminal sale of a controlled substance in the fourth degree, it incorrectly describes the Penal Law citation as both "CSCS 4th" and "CPCS 4th." The sentence and commitment must therefore be amended to correct the clerical error and to reflect that defendant was convicted of criminal sale of a controlled substance in the fourth degree (*see generally People v Saxton,* 32 AD3d 1286 [2006]). Present—Scudder, P.J., Centra, Carni and Pine, JJ.