■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JONAS F. VASAVADA, Appellant. [938 NYS2d 924]—Lahtinen, J. Appeal from a judgment of the County Court of St. Lawrence County (Richards, J.), rendered May 26, 2010, convicting de-

---

fendant upon his plea of guilty of the crime of attempted criminal possession of a controlled substance in the fifth degree.

Defendant pleaded guilty to attempted criminal possession of a controlled substance in the fifth degree in satisfaction of an indictment charging him with criminal possession of a controlled substance in the fifth degree and assault in the second degree arising out of a physical altercation between defendant and another inmate at a state correctional facility. In return, defendant was to be sentenced as a second felony drug offender to two years in prison followed by two years of postrelease supervision, make restitution in connection with the assault charge and waive his right to appeal. County Court sentenced defendant as agreed and imposed restitution in the amount of $797.18. Defendant now appeals.

We affirm. The record clearly shows that defendant knowingly, intelligently and voluntarily waived his right to appeal (*see People v Lopez*, 6 NY3d 248, 256 [2006]; *cf. People v Bradshaw*, 18 NY3d 257, 264-265 [2011]), effectively foreclosing his challenge to the factual sufficiency of his plea and to the harshness of his sentence (*see People v Planty*, 85 AD3d 1317, 1317-1318 [2011], *lv denied* 17 NY3d 820 [2011]; *People v Dishaw*, 81 AD3d 1035, 1036 [2011], *lv denied* 16 NY3d 858 [2011]; *People v Thomas*, 71 AD3d 1231, 1231-1232 [2010], *lv denied* 14 NY3d 893 [2010]). Although defendant's challenge to the amount of restitution survives his waiver of the right to appeal because the plea agreement was silent in this regard, defendant did not preserve this issue by requesting a hearing or otherwise contesting the sum imposed at sentencing (*see People v Planty*, 85 AD3d at 1318; *People v Thomas*, 71 AD3d at 1232). In any event, County Court's imposition of restitution for the assault charge based upon a victim impact statement submitted by the correctional facility was proper (*see People v Diallo*, 88 AD3d 1152, 1153-1154 [2011]; *People v Thomas*, 71 AD3d at 1232).

Finally, although the judgment is being affirmed, the uniform sentence and commitment sheet contains a clerical error in which it incorrectly indicates that defendant was convicted and sentenced as a second felony offender (*see* Penal Law § 70.06 [3] [e]) instead of as a second felony drug offender (*see* Penal Law § 70.70 [3] [b] [iv]), and it must be amended accordingly (*see People v Hawkins*, 70 AD3d 1389, 1390 [2010], *lv denied* 14 NY3d 888 [2010]; *People v Lore*, 59 AD3d 1126, 1127 [2009], *lv denied* 12 NY3d 917 [2009]).

Peters, J.P., Rose, Kavanagh and Garry, JJ., concur. Ordered that the judgment is affirmed.