■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARINO PADILLA, Appellant. [57 NYS3d 288]—

Appeal from a judgment of the Cayuga County Court (Mark H. Fandrich, A.J.), rendered May 14, 2013. The judgment convicted defendant, upon his plea of guilty, of promoting prison contraband in the first degree.

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him, upon a plea of guilty, of promoting prison contraband in the first degree (Penal Law § 205.25 [2]), defendant contends that his plea was not knowingly, voluntarily or intelligently entered because, during his plea, he informed County Court that he was currently taking two medications for his mental health problems. Defendant contends that, instead of accepting his plea, the court should have conducted a hearing pursuant to CPL article 730. We reject defendant's contentions.

Even assuming, arguendo, that defendant's waiver of the right to appeal is valid, we note that his contentions survive even a valid waiver of the right to appeal (*see People v Davis*, 129 AD3d 1613, 1613-1614 [2015], *lv denied* 26 NY3d 966 [2015]; *People v Hawkins*, 70 AD3d 1389, 1389 [2010], *lv denied* 14 NY3d 888 [2010]). We nevertheless conclude that defendant failed to preserve his contentions for our review by failing to move to withdraw the plea or to vacate the judgment of conviction (*see People v Williams*, 124 AD3d 1285, 1285 [2015], *lv denied* 25 NY3d 1078 [2015]), and the narrow exception to the

preservation rule does not apply here (*see People v Lopez*, 71 NY2d 662, 666 [1988]). Contrary to defendant's contention, "the court sufficiently inquired about defendant's mental health issues and medications and ensured that he was lucid and understood the proceedings" (*People v Russell*, 133 AD3d 1199, 1199-1200 [2015], *lv denied* 26 NY3d 1149 [2016]), and there is nothing in the record to support defendant's contention that his prescribed medication or his mental illness "so stripped him of orientation or cognition that he lacked the capacity to plead guilty" (*People v Alexander*, 97 NY2d 482, 486 [2002]; *see People v Hayes*, 39 AD3d 1173, 1175 [2007], *lv denied* 9 NY3d 923 [2007]).

To the extent that defendant contends that the court sua sponte should have ordered a competency evaluation pursuant to CPL article 730, we reject that contention. "There is no evidence in the record that would have warranted the court to question defendant's competency or ability to understand the nature of the proceedings or the charge[ ]" (*People v Dunn*, 261 AD2d 940, 941 [1999], *lv denied* 94 NY2d 822 [1999]). Present—Whalen, P.J., Centra, Lindley, Troutman and Scudder, JJ.