People v Williams (2020 NY Slip Op 51272(U))

[*1]

People v Williams (Anthony)

2020 NY Slip Op 51272(U) [69 Misc 3d 134(A)]

Decided on November 2, 2020

Appellate Term, First Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on November 2, 2020
SUPREME COURT, APPELLATE TERM, FIRST
DEPARTMENT

PRESENT: Edmead, P.J., Higgitt, McShan, JJ.

570721/14

The People of the State of New York,
Respondent,
against
Anthony Williams, Defendant-Appellant.

Defendant appeals from a judgment of the Criminal Court of the City of New York, New
York County (Kevin B. McGrath, J.), rendered May 1, 2014, after a jury trial, convicting him of
two counts each of petit larceny and criminal possession of stolen property in the fifth degree,
and imposing sentence.

Per Curiam.
Judgment of conviction (Kevin B. McGrath, J.), rendered May 1, 2014, affirmed.
The trial court providently exercised its discretion in denying defendant's request for a CPL
article 730 competency examination, which was made for the first time after the verdict (see
Pate v Robinson, 383 US 375 [1966]; People v Phillips, 16 NY3d 510, 517-518
[2011]; People v Tortorici, 92 NY2d 757, 766 [1999], cert denied 528 US 834
[1999]; People v Morgan, 87 NY2d 878, 881 [1995]). Nor did the court abuse its
discretion in failing to order, sua sponte, a competency hearing during the trial. The
determination of whether to order a competency hearing lies within the sound discretion of the
trial court (see People v Tortorici, 92 NY2d at 766), and here, nothing in the record
suggests that, because of a "mental disease or defect" (CPL 730.10[1]), defendant was unable to
assist in his own defense or to understand the proceedings against him (see People v Rizzuto, 167 AD3d
531 [2018], lv denied 33 NY3d 980 [2019]). On the contrary, the record shows that
the self-represented defendant, who had the assistance of a legal advisor, actively and lucidly
participated in pretrial proceedings and the trial (see People v McCray, 165 AD3d 595, 596 [2018], lv denied
32 NY3d 1175 [2019]), including, but not limited to, requesting additional discovery,
making coherent opening and closing statements, making objections to testimony, some of which
were sustained, cross-examining the People's witnesses, and making motions (see People v Jefferson, 74 AD3d
670 [2010], lv denied 15 NY3d 921 [2010]; People v Mendez, 306 AD2d
143 [2003], lv denied 100 NY2d 622 [2003]).
We also accord "substantial deference" (People v Phillips, 16 NY3d 510, 517 [2011]), to the court's
conclusion that defendant's statement during jury selection that he "felt unfit" to [*2]proceed, along with the court's comment that defendant seemed "a
little delirious," concerned an isolated incident where defendant stated that he failed to receive
pain medication for his leg. On that occasion, the court halted the proceedings and communicated
with the Department of Corrections to ensure that defendant received his medication. Defendant
returned to court the next day stating that he had received his pain medication and was able to
proceed. Thereafter, he actively participated in the proceedings without complaint, and as the
court stated in denying defendant's posttrial motion, "was competent to stand trial." 
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur
Decision Date: November 2, 2020