People v Williams (2026 NY Slip Op 01678)

People v Williams

2026 NY Slip Op 01678

Decided on March 20, 2026

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 20, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: LINDLEY, J.P., BANNISTER, GREENWOOD, NOWAK, AND HANNAH, JJ.

202 KA 25-00423

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
vTAJ R. WILLIAMS, DEFENDANT-APPELLANT. 

DAVID P. ELKOVITCH, AUBURN, FOR DEFENDANT-APPELLANT.
BRITTANY GROME ANTONACCI, DISTRICT ATTORNEY, AUBURN (CHRISTOPHER T. VALDINA OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Cayuga County Court (Jon E. Budelmann, A.J.), rendered December 20, 2024. The judgment convicted defendant, upon his plea of guilty, of assault in the second degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: On appeal from a judgment convicting him, upon a plea of guilty, of assault in the second degree (Penal Law § 120.05 [3]), defendant contends that his waiver of the right to appeal is not valid and that his plea was not voluntarily, knowingly, and intelligently entered because County Court did not ensure that defendant, who alleges that he suffers from mental health conditions, was competent to enter the plea. Preliminarily, because defendant's substantive contention would survive even a valid waiver of the right to appeal (see People v Padilla, 151 AD3d 1700, 1700 [4th Dept 2017], lv denied 31 NY3d 1016 [2018]; People v Davis, 129 AD3d 1613, 1613-1614 [4th Dept 2015], lv denied 26 NY3d 966 [2015]; People v Hawkins, 70 AD3d 1389, 1389 [4th Dept 2010], lv denied 14 NY3d 888 [2010]), we need not consider his challenge to the validity of the waiver. Defendant failed to preserve his substantive contention for our review inasmuch as he did not move to withdraw his plea or to vacate the judgment of conviction on that ground (see People v Rossborough, 227 AD3d 1502, 1502 [4th Dept 2024], lv denied 42 NY3d 929 [2024]; People v Cato, 199 AD3d 1388, 1389 [4th Dept 2021]; People v Jones, 175 AD3d 1845, 1845-1846 [4th Dept 2019], lv denied 34 NY3d 1078 [2019]), and this case does not fall within the rare exception to the preservation requirement set forth in People v Lopez (71 NY2d 662, 666 [1988]).
In any event, defendant's challenge to the plea is without merit. " 'A history of prior mental illness or treatment does not itself call into question [a] defendant's competence' " and, here, we conclude that "[t]here is no indication in the record that defendant was unable to understand the proceedings or that he was mentally incompetent at the time he entered his guilty plea" (People v Williams, 35 AD3d 1273, 1275 [4th Dept 2006], lv denied 8 NY3d 928 [2007]; see People v Williams, 124 AD3d 1285, 1286 [4th Dept 2015], lv denied 25 NY3d 1078 [2015]). Indeed, we note that the court made inquiries to ensure that defendant "was lucid and understood the proceedings" (People v Russell, 133 AD3d 1199, 1200 [4th Dept 2015], lv denied 26 NY3d 1149 [2016]; see Padilla, 151 AD3d at 1701), and "[t]here was not the slightest indication that defendant was uninformed, confused or incompetent" at the time he entered the plea (People v Alexander, 97 NY2d 482, 486 [2002]; see People v Stehm, 227 AD3d 1463, 1464 [4th Dept 2024]).
Entered: March 20, 2026
Ann Dillon Flynn
Clerk of the Court