OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be affirmed.
The only issue that this Court can decide is whether the trial court abused its discretion as a matter of law in not granting defense counsel’s trial request for a new or updated examination of defendant’s competency to stand trial. After defendant’s arrest and before his trial, he was examined four different times over several month intervals to determine his competency (CPL 730.30 [1]). In November 1990, after the fourth examination, the trial court found him fit to proceed. At the outset of the jury selection process in March 1991 and throughout the trial, defense counsel moved repeatedly for an additional competency examination. Defendant, a homeless man with a long history of psychiatric illness, was convicted after a jury trial of depraved indifference murder for stabbing another homeless man to death after a quarrel.
Ordering a competency examination under CPL 730.30 (1) lies within the sound discretion of the trial court {see, People v *880 Russell, 74 NY2d 901, 902). A defendant is presumed competent (People v Gelikkaya, 84 NY2d 456, 459), and the court is under no obligation to issue an order of examination (CPL 730.10 [2]) unless it has "reasonable ground * * * to believe that the defendant was an incapacitated person” (People v Armlin, 37 NY2d 167, 168). Moreover, "[t]he law of this State is well settled that a defendant is not entitled, as a matter of right, to have the question of his capacity to stand trial passed upon * * * if the court is satisfied from the available information that there is no proper basis for questioning the defendant’s sanity” (id., at 171 [citation omitted]).
Based on these well-settled authorities and the variety of factors assembled in the particular record of this case, this Court cannot say that the trial court abused its discretion as a matter of law in failing to order an additional examination or that the Appellate Division erred as a matter of law in affirming that decision.
The trial court was entitled to give weight to the findings and conclusions of competency derived from the most recent examination. The Judge also saw the defendant actively participating in every aspect of his case, including a continuing flow of oral and written communications with his attorney. Additionally, the Judge personally interacted with the defendant on several occasions, including plea discussions, in which the defendant evinced a particularized understanding of the nature of the proceedings and what was unfolding.
The functional effect of the analysis proposed by the dissent would virtually compel trial courts to grant a competency examination as a matter of law or risk reversal for "abuse of discretion” whenever an "experienced defense attorney” makes repeated requests for one. Such an analysis gives too much appellate weight to a single factor and fails to credit all the other factors weighed by the trial court and the Appellate Division. While a trial court may "depend to some extent on counsel to bring issues into focus” (Drope v Missouri, 420 US 162, 176-177, n 13), defense counsel’s observations and representations, without more, do not and should not serve as an automatic substitute for the court’s statutory discretion (id.; People v Rodriguez, 79 AD2d 576, 577, affd 56 NY2d 557; see also, Griffin v Lockhart, 935 F2d 926, 930). In any event, counsel’s representations here consisted simply of personal observations and lay opinion that the defendant was an incapacitated person.
To be sure, defendant’s diagnosis as a paranoid schizophrenic and his 27 previous hospitalizations for mental illness are fac *881 tors also properly weighed by the trial court in deciding whether to grant a competency examination. Nonetheless, a defendant’s history of psychiatric illness alone does not serve to mandate relief to the defendant (see, People Gelikkaya, 84 NY2d 456, supra; People v Gensler, 72 NY2d 239, 245), nor do repeated conclusory protestations by defense counsel (People v Rodriguez, 79 AD2d 576, affd 56 NY2d 557, supra). This is especially so here, where the court, far from ignoring defendant’s history, had already ordered four previous examinations (see, Drope v Missouri, 420 US 162, 180, supra). Finally, the Trial Judge’s opportunity to observe the defendant and his behavior personally is also entitled to some deference and weight (People v Russell, 74 NY2d 901, 902, supra; see also, People v Charon, 113 AD2d 950, 951).
The combination of all factors — not any one factor — for and against defendant on this issue, was before the trial court and is dispositive of our review function in this case. This Court has no basis to further review or substitute its views for the lower court determinations.