(August 18, 2005)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GREGORY WYCHE, Appellant. [800 NYS2d 542]—

Judgment, Supreme Court, New York County (Joan C. Sudolnik, J.), rendered October 7, 2002, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree, and sentencing him, as a second felony offender, to a term of 8 to 16 years, unanimously affirmed.

Contrary to defendant's contention, he was not deprived of due process by the trial court's denial of defense counsel's request that he be examined as to his fitness to stand trial pursuant to CPL 730.30 (1). It is well settled that the decision whether or not to order such an examination lies within the sound discretion of the trial court. A defendant is presumed competent and the court is under no obligation to order such an examination unless it has a reasonable ground to believe that such defendant may be an incapacitated person (*see People v Morgan,* 87 NY2d 878, 880 [1995]; *People v Armlin,* 37 NY2d 167, 168 [1975]).

During defendant's first trial before another judge, a competency examination was ordered at defense counsel's request after defendant refused to come into the courtroom at one point. Defendant was sent for examination, but refused to speak with the psychiatrists. Thereafter, trial resumed and, after the jury announced that it was deadlocked, a mistrial was declared. After ordering the mistrial, the court granted defense counsel's request for another competency examination, but there is no indication in the record that such an examination was conducted.

Four months later, after several court appearances before another judge at which the question of defendant's competency or the lack of a psychiatric examination was never raised, his second trial began before a third judge. At the commencement of jury selection, prior to the prospective jurors being brought into the courtroom, defendant, who had earlier been assigned a new lawyer because of similar complaints, requested a different lawyer because of "miscommunication" between him and his lawyer. The court denied his request, noting that his present lawyer, who had represented him at his first trial, was familiar with his case and the jury panel was on the way to the courtroom. Defendant then asked the court if the trial could be postponed because his wife and two daughters had been in an accident and his daughter was in the hospital; however, after defendant gave his wife's name to the court, the prosecutor advised the court that defendant had given four different names for his wife in the past two years. Defendant then refused a plea bargain offered by the prosecution and, after the court stated that it was proceeding with the trial, defendant stated that he might refuse to come to court because of the stress of his family matters.

At that point, counsel advised the court that defendant had refused to appear in court several times at his last trial and had refused to be psychiatrically examined. Counsel then asked that

defendant be examined pursuant to CPL article 730 in view of what defendant had just said, and because defendant refused the plea bargain offered and said that he did not care what was going to happen to him. The court then stated that it understood why defendant refused the plea offer and concluded that, given the history of this case, it saw no basis for a CPL article 730 examination or for an adjournment. Counsel then asked the court to have defendant forcibly brought to court in the event he did not appear voluntarily and repeated his request for a psychiatric examination "based on what is going on in this court today. This really has nothing to do with the last trial. I think this is completely different, this is much worse Judge." During the luncheon recess, counsel, at the court's request, spoke with defendant regarding his claim that he was stressed out because of his family situation. Counsel then advised the court that defendant had told him that his wife had fallen down the stairs and had been taken to the hospital; that his daughters had been involved in an automobile accident and had gone to the emergency room; that all had been released; that he did not want to discuss the matter with the court or with anybody else; that he just wanted to proceed to trial; and that he apologized to the court for what had occurred.

Given the foregoing, there is no basis for a finding that the trial court failed to fully comply with the requirements of CPL article 730. Although defendant may not have been examined as directed at the end of his abortive first trial, counsel's application for such an examination at the commencement of his second trial must be deemed a renewal of his prior request. As such, the judge at defendant's second trial was entitled to consider that request in light of the facts existing at that time. As stated by the Court in *People v Morgan* (87 NY2d at 880), while a trial court may depend to some extent on counsel to bring issues into focus, defense counsel's observations and representations, without more, do not and should not serve as an automatic substitute for the court's statutory discretion. Thus, where as here counsel's observations consisted simply of personal observations and lay opinion that defendant was possibly an incapacitated person, the trial court, which had had ample time to observe defendant's tactics and to assess the situation, was entitled to reach its own conclusion as to whether such an examination was warranted. Neither a defendant's history of psychiatric illness, a factor missing in this case, nor repeated conclusory protestations by defense counsel are sufficient by themselves to mandate relief to defendant. Under the facts presented, there is no basis for a finding that the trial court improvidently exercised its discretion or deprived defendant of due process in denying the requested examination.

*People v Armlin* (37 NY2d 167 [1975], *supra*), which is relied upon by defendant, is readily distinguishable in that there, the Court of Appeals remitted the case for a proper determination of defendant's mental capacity at the time of sentencing. It found that, despite being sufficiently concerned about the defendant's fitness to proceed to twice order his psychiatric examination, the trial court failed to fully comply with the requirements of the statute (*id.* at 172 ["Having made the threshold determination that psychiatric inquiry was indicated, the trial court's failure to secure the second psychiatric report, as required by CPL 730.20, can hardly be viewed as an insubstantial error in light of the appellant's prior history of mental illness"]). Here, on the other hand, there is no history of mental illness, and defendant's threatened refusal to come to court, when considered in light of his behavior at his first trial, his repeated efforts to replace his assigned counsel, and his questionable request to postpone his second trial because of stress caused by family problems, does not indicate mental incompetency, but instead reflects behavior which defense counsel conceded was manipulative.

We have considered defendant's other points, including those raised in his pro se supplemental brief, regarding ineffective assistance of counsel, excessiveness of sentence, and the sufficiency of the evidence, and find them unpersuasive. Concur— Buckley, P.J., Tom, Andrias, Sullivan and Sweeny, JJ.