■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RAYMOND PROVENCAL, Appellant. [812 NYS2d 873]—

Judgment, Supreme Court, New York County (Rena K. Uviller, J.), rendered July 23, 2003, convicting defendant, upon his plea of guilty, of robbery in the first and second degrees, and sentencing him to concurrent terms of 6½ years, unanimously affirmed.

Since defendant did not move to withdraw his guilty plea, his challenges to the voluntariness of the plea are unpreserved (*People v Lopez*, 71 NY2d 662 [1988]), and we decline to review them in the interest of justice. Were we to review these claims, we would find that the plea was knowing, intelligent and voluntary (*see People v Alexander*, 97 NY2d 482 [2002]). Defendant's alleged illiteracy had no impact on the voluntariness of his plea. After being advised that defendant was illiterate, the court carefully explained the content of the written plea agreement. In addition, counsel had already read and explained the written agreement to his client. Repeatedly, both defendant and his attorney stated on the record that defendant fully understood the content of the agreement and its implications. Furthermore, nothing in the record casts doubt on defendant's mental competency (*see Pate v Robinson*, 383 US 375 [1966]; *People v Tortorici*, 92 NY2d 757 [1999], *cert denied* 528 US 834 [1999]; *People v Morgan*, 87 NY2d 878 [1995]). To the extent defendant's claim of ineffective assistance of counsel is reviewable on the existing record, we reject it. Defense counsel provided effective

assistance (*see People v Ford*, 86 NY2d 397, 404 [1995]) and had no reason to request a CPL article 730 examination.

We have considered and rejected defendant's remaining claims, as well as the People's argument that this appeal should be dismissed as untimely taken. Concur—Andrias, J.P., Saxe, Williams, Sweeny and McGuire, JJ.