■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CEDRIC REID, Appellant. [816 NYS2d 422]—

Judgment, Supreme Court, New York County (Daniel P. FitzGerald, J.), rendered November 29, 2000, convicting defendant of attempted robbery in the first and second degrees and criminal possession of a weapon in the second and third degrees, and sentencing him, as a second felony offender, to an aggregate term of 15 years, unanimously affirmed. Order, same court and Justice, entered on or about May 9, 2002, which denied defendant's CPL 440.10 motion to vacate his conviction, unanimously affirmed.

Since defendant consistently demonstrated his "capacity to understand the proceedings against him [and] to assist in his own defense" (CPL 730.10 [1]), there was no reasonable ground upon which to order an article 730 competency examination (see *Pate v Robinson*, 383 US 375 [1966]; *People v Tortorici*, 92 NY2d 757, 766 [1999], *cert denied* 528 US 834 [1999]; *People v Morgan*, 87 NY2d 878, 881 [1995]). Accordingly, the court properly declined to order such an examination, and also properly denied defendant's CPL 440.10 motion raising the same issue. The court was presented with ample evidence that defendant was competent to stand trial, and his psychiatric history was remote. In particular, the colloquy held at the time defendant elected to proceed pro se revealed that defendant was lucid and coherent and had a fundamental understanding of basic legal principles. Among other things, defendant made cogent legal arguments, citing relevant case law. Defendant's actual performance as his own attorney bore out this conclusion, particularly inasmuch as he persuaded the jury to acquit him of an attempted murder charge.

Similarly, after procuring a knowing and intelligent waiver of the right to counsel, the court properly permitted defendant to represent himself (see *People v Arroyo*, 98 NY2d 101, 103-104 [2002]). The court made it clear to defendant that by choosing to represent himself, he was giving up the right to be represented by counsel, and his present challenge to the sufficiency of the waiver is without merit.

Defendant's remaining contentions are unpreserved and we decline to review them in the interest of justice. Were we to review these claims, we would reject them. Concur—Tom, J.P., Mazzarelli, Sullivan, Nardelli and McGuire, JJ.