■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GARFIELD BOBBITT, Appellant. [852 NYS2d 125]—

The court was not obligated, sua sponte, to order a CPL article 730 examination (*see Pate v Robinson*, 383 US 375 [1966]; *People v Tortorici*, 92 NY2d 757 [1999], *cert denied* 528 US 834 [1999]; *People v Morgan*, 87 NY2d 878 [1995]). Although defendant had a psychiatric history and had been found incompetent earlier in the proceedings, two psychiatrists had found him competent shortly before trial. Nothing in the psychiatric reports, or in defendant's trial testimony, where he claimed a lapse of memory concerning the incident but did not suggest he was incoherent at the time of trial, cast doubt on his mental capacity (*see People v Francabandera*, 33 NY2d 429 [1974]).

Defendant did not preserve his challenge to the legal sufficiency of the evidence and we decline to review it in the interest of justice. As an alternative holding, we also reject it on the merits. Furthermore, the verdict was not against the weight of the evidence (*see People v Danielson*, 9 NY3d 342, 348-349 [2007]). There was extensive evidence that defendant entered the apartment in question with the intent to commit a crime therein, including, among other things, signs of forced entry and evidence supporting the inference that defendant was looking for something to steal (*see People v Barnes*, 50 NY2d 375 [1980]).

Defendant's challenge to the court's jury charge is unpreserved and we decline to review it in the interest of justice. As an alternative holding, we find no basis for reversal. Concur—Andrias, J.P., Friedman, Buckley, McGuire and Moskowitz, JJ.