■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HAROLD TAYLOR, Appellant. [938 NYS2d 545]—

The court was not obligated, sua sponte, to order a CPL article 730 examination (*see Pate v Robinson*, 383 US 375 [1966]; *People v Tortorici*, 92 NY2d 757 [1999], *cert denied* 528 US 834 [1999]; *People v Morgan*, 87 NY2d 878 [1995]). Although, at times, defendant engaged in obnoxious behavior and made outrageous statements, he did not manifest an inability to understand the proceedings or assist in his defense. Defendant was generally lucid and took an active role in his defense (*see e.g. People v Mendez*, 306 AD2d 143 [2003], *lv denied* 100 NY2d 622 [2003]). Furthermore, the court ordered a psychiatric examination in aid of sentencing. Although this was not an article 730 competency examination, the psychiatrist's report did not raise any doubts about defendant's competency.

The court conducted a sufficient inquiry into defendant's motion for assignment of substitute counsel and the assigned counsel's motion to be relieved. Although a more detailed inquiry would have been the best practice, the court accorded both defendant and his counsel a suitable opportunity to address the issue, and properly concluded that there was no good cause for a substitution. A defendant's "unjustified hostility toward his counsel" does not require substitution, nor does an "artificial conflict" created by a defendant who files meritless complaints against counsel (*People v Walton*, 14 AD3d 419, 420 [2005], *lv denied* 5 NY3d 796 [2005]).

The court properly declined to charge justification since there was no reasonable view of the evidence, when viewed most favorably to defendant, to support that defense (*see People v Goetz*, 68 NY2d 96, 105-106 [1986]; *People v Watts*, 57 NY2d 299, 301 [1982]). Defendant asked for a charge on the use of deadly force to prevent the commission of a robbery (*see* Penal Law § 35.15 [2] [b]). In the first place, the evidence established that the unarmed deceased attempted, at most, to commit a nonforcible larceny. In any event, at the time defendant stabbed the deceased 16 times, the deceased had been knocked to the ground and posed no immediate threat.

After a proper inquiry, the court properly exercised its discretion in denying defendant's request to replace a sworn juror who had a conversation about her jury service with a colleague who was a former assistant district attorney. The court properly determined that the juror, who gave unequivocal assurances of

her impartiality, was fit to continue serving and to render a fair verdict. The juror did not have a relationship with the prosecution that would create an implied bias (*see People v Furey*, 18 NY3d 284 [2011]). Since the juror did not discuss anything about the facts of the case with her colleague, there was no misconduct serious enough to require disqualification (*see e.g. People v Gordon*, 11 AD3d 342 [2004], *lv denied* 4 NY3d 744 [2004]). Concur—Andrias, J.P., Saxe, Acosta, Freedman and Richter, JJ.