# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**558**

**KA 11-00804**

PRESENT: SMITH, J.P., PERADOTTO, SCONIERS, WHALEN, AND DEJOSEPH, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                     MEMORANDUM AND ORDER

THOMAS BRYANT, DEFENDANT-APPELLANT.

---

CARA A. WALDMAN, FAIRPORT, FOR DEFENDANT-APPELLANT.

SCOTT D. MCNAMARA, DISTRICT ATTORNEY, UTICA (STEVEN G. COX OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Oneida County Court (Michael L. Dwyer, J.), rendered January 12, 2011. The judgment convicted defendant, upon a jury verdict, of aggravated harassment of an employee by an inmate.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him upon a jury verdict of aggravated harassment of an employee by an inmate (Penal Law § 240.32), defendant contends that County Court erred in failing sua sponte to order a competency examination pursuant to CPL 730.30 (1). "It is well settled that the decision to order a competency examination under CPL 730.30 (1) lies within the sound discretion of the trial court" (*People v Williams*, 35 AD3d 1273, 1274, *lv denied* 8 NY3d 928; *see People v Morgan*, 87 NY2d 878, 879-880). "A defendant is presumed competent . . . , and the court is under no obligation to issue an order of examination . . . unless it has 'reasonable ground . . . to believe that the defendant was an incapacitated person' " (*Morgan*, 87 NY2d at 880). Based on the record before us, we conclude that the court did not abuse its discretion in failing sua sponte to order a competency examination (*see id.* at 879-880).

Defendant further contends that he was deprived of a fair trial based on prosecutorial misconduct. He failed to preserve his contention for our review with respect to the majority of the alleged instances of prosecutorial misconduct (*see* CPL 470.05 [2]), and we decline to exercise our power to review his contention concerning those alleged instances as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]). Insofar as defendant's contention is preserved for our review, we conclude that it lacks merit. We note in particular that the prosecutor's cross-examination of defendant did not amount to prosecutorial misconduct; rather, "it appears that the

cross-examination was intended to place defendant in his proper setting and put the weight of his testimony and his credibility to a test," thus enabling the jury to appraise the facts (*People v Brent-Pridgen*, 48 AD3d 1054, 1055, *lv denied* 10 NY3d 860 [internal quotation marks omitted]).  We have considered defendant's remaining contentions and conclude that they lack merit.

Entered:  May 9, 2014                    Frances E. Cafarell
                                         Clerk of the Court