THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ELDRED LEITZSEY, Appellant. [994 NYS2d 417]—

Appeal by the defendant from a judgment of the Supreme Court, Richmond County (Collini, J.), rendered April 23, 2009, convicting him of conspiracy in the second degree (two counts), criminal solicitation in the second degree, and criminal solicitation in the fourth degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant argues that his waiver of the right to counsel was invalid because the Supreme Court failed to delve into the question of his competency and capacity to represent himself before permitting him to waive his right to counsel and proceed pro se. This argument is without merit. In *People v Stone* (22 NY3d 520 [2014]), the Court of Appeals explained that "under New York law a defendant's mental capacity may be taken into account in" determining whether to permit the defendant to proceed pro se, "although the trial court need not conduct a

formal 'competency' hearing prior to adjudicating a self-representation request" (*id.* at 527; *see Faretta v California*, 422 US 806 [1975]). Here, as in *Stone*, "when defendant expressed a desire to represent himself, the trial court had no reason to question his mental health, much less a basis to believe that defendant suffered from an illness severe enough to impact his ability to waive counsel and proceed pro se" (*People v Stone*, 22 NY3d at 528). Thus, it cannot be said that the court improvidently exercised its discretion in failing to undertake a particularized assessment of the defendant's mental capacity in resolving the defendant's request to proceed pro se (*see id.* at 529). Further, the Supreme Court did not err in failing sua sponte to direct a competency examination (*see id.*; *People v Bryant*, 117 AD3d 1591 [2014]).

The defendant's remaining contention is without merit. Dillon, J.P., Hall, Austin and Barros, JJ., concur.