■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EDDY ESPINAL, Appellant. [998 NYS2d 349]—

Judgment, Supreme Court, New York County (Bruce Allen, J., at suppression and CPL article 730 hearings; Ruth Pickholz, J., at jury trial and sentencing), rendered June 16, 2010, convicting defendant, after a trial, of murder in the second degree, attempted murder in the second degree (four counts), assault in the first degree (two counts) and assault in the second degree, and sentencing him to an aggregate term of 105 years, unanimously affirmed.

The court properly exercised its discretion in temporarily deferring defense counsel's request for a fifth CPL article 730 examination of defendant until after the *Wade* hearing had commenced, a procedure expressly approved by defense counsel, because the information available to the court at that time did not call into question defendant's capacity to proceed (*see People v Morgan*, 87 NY2d 878, 881 [1995]). Although defendant was found incompetent by two psychiatric examiners after his first CPL article 730 examination shortly after his indictment in 2005, he was subsequently found competent, based in part on the opinion of one of the psychiatric examiners who had originally found him unfit to proceed. Thereafter, at the request of his counsel, defendant underwent three additional fitness examinations pursuant to CPL article 730 in July 2007, January 2008 and May 2008, and in each instance, his examiners unanimously concluded that he was fit to proceed. In mid-2008, defense counsel moved to controvert the finding that defendant was competent and, after a competency hearing was held in August 2008 in which defense counsel called his own forensic psychiatry expert and a court-appointed examiner, the hearing court again concluded that defendant was fit to proceed. Viewed in this context, when defense counsel requested yet another CPL article 730 examination at the start of the *Wade* hearing raising the same concerns that he had previously asserted in his prior CPL article 730 requests and at the August 2008 competency hearing, the information available to the court at that time did not call into question defendant's capacity to stand trial (*see People v Morgan*, 87 NY2d 878, 881 [1995]), and the court was not required to suspend the *Wade* hearing until it

received the results of defendant's CPL article 730 examination. Contrary to defendant's contention, the fact that he was found incompetent after the *Wade* hearing does not mean that he was "presumptively incompetent" at the time of the *Wade* hearing, because the court's determination at the commencement of the *Wade* hearing was properly based on the then "available information" (*id.* at 880; *see also People v Armlin*, 37 NY2d 167, 171 [1975]). Moreover, the court was entitled to give weight to the findings and conclusions of competency derived from defendant's three most recent examinations and the court's own recent findings and conclusions made after defendant's competency hearing (*id.; see also People v Tortorici*, 92 NY2d 757, 766 [1999]). In addition, the court properly considered its personal observations of defendant and his responses to the court's questions, which evinced his particularized understanding of the nature of the proceedings (*id.; see also People v Phillips*, 16 NY3d 510, 518 [2011]).

Subsequently, in August 2010, the court properly exercised its discretion in determining that defendant was competent to stand trial based on the findings and conclusions of competency derived from the reports of defendant's seventh and most recent CPL article 730 examination (*see Morgan*, 87 NY2d at 880). Significantly, defense counsel not only did not move to controvert the report's findings with a request for another competency hearing, which would have required the court to conduct one (*see* CPL 730.30 [2]), he confirmed the report instead and requested that the trial proceed. Thus, the court correctly proceeded.

The court also properly denied defense counsel's request to order a midtrial CPL article 730 competency examination, since defendant's competency had previously been established before the commencement of trial, and there had been no change in circumstances that would have required the court to order yet another examination (*see People v Campos*, 93 AD3d 581, 583 [1st Dept 2012], *lv denied* 19 NY3d 971 [2012]).

Defense counsel's request to submit the affirmative defense of extreme emotional disturbance to the jury over defendant's objection was properly denied because, as between defendant and his counsel, the decision as to whether to submit the affirmative defense fell to defendant (*see People v Petrovich*, 87 NY2d 961, 963 [1996]). There is no merit to the argument that counsel should have been able to pursue the defense because defendant's purported psychiatric conditions affected his ability to decide for himself whether to proceed with the defense, since the court had already determined that defendant was competent

to proceed. To the extent that it was required to conduct any inquiry of defendant with respect to his decision not to submit the affirmative defense to the jury against his counsel's advice, the record demonstrates that the court conducted inquiries on several different occasions that revealed that defendant understood the practical and legal ramifications of his decision.

The court properly declined to submit the first- or second-degree manslaughter to the jury as lesser included offenses of murder, as there was no reasonable view of the evidence that defendant merely intended to cause serious physical injury or acted recklessly. After making homicidal threats, arising out of a dispute over money, defendant fired multiple gunshots from close range directly at specific individuals inside a barbershop.

The determinations on evidentiary matters and related jury instructions that defendant challenges on appeal were proper exercises of the court's discretion. In any event, any errors in these determinations were harmless (*see People v Crimmins*, 36 NY2d 230 [1975]).

We perceive no basis for reducing the sentence. Concur—Sweeny, J.P., DeGrasse, Manzanet-Daniels, Feinman and Gische, JJ.