*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered: December 1, 2016        107971
_____

THE PEOPLE OF THE STATE OF
   NEW YORK,
                Respondent,

     v                           MEMORANDUM AND ORDER

BRIAN N. JOHNSON,
                Appellant.
_____

Calendar Date: October 11, 2016

Before: Peters, P.J., Lynch, Devine, Clark and Aarons, JJ.

_____

Robert Didio & Associates, Kew Gardens (Robert D. Didio of counsel), for appellant.

Stephen K. Cornwell Jr., District Attorney, Binghamton (Stephen D. Ferri of counsel), for respondent.

_____

Peters, P.J.

Appeal from a judgment of the County Court of Broome County (Cawley, J.), rendered February 28, 2013, convicting defendant upon his plea of guilty of the crime of robbery in the second degree.

In satisfaction of several charges, defendant waived indictment and entered a guilty plea to a superior court information charging him with robbery in the second degree. He was sentenced, as agreed, as a second felony offender to a prison term of 13 years with five years of postrelease supervision, and now appeals.

Defendant claims that County Court erred in declining to order, sua sponte, a hearing to determine his competency in light of certain statements that he made during his sentencing. A defendant is presumed to be competent, and a trial court is obligated to order a competency exam only if it has a "reasonable ground for believing that a defendant [was] in such [a] state . . . that he [or she was] incapable of understanding the charge, [accusatory instrument] or proceedings or of making his [or her] defense" due to a mental disease or defect (People v Tortorici, 92 NY2d 757, 765 [1999], cert denied 528 US 834 [1999] [internal quotation marks and citation omitted]; accord People v Kot, 126 AD3d 1022, 1024 [2015], lv denied 25 NY3d 1203 [2015]; see CPL 730.10 [1]).

The record in this case fails to rebut the presumption of competency. Defendant's remarks at sentencing, on which he now relies, were suggestive of a political or obstructionist frame of mind, not an incompetent one (see People v Dowling, 92 AD3d 1034, 1034-1035 [2012], lv denied 18 NY3d 993 [2012]; People v Daley, 302 AD2d 745, 746 [2003]), and defense counsel did not at any point in the proceedings raise concerns regarding defendant's competency or request a competency hearing. County Court did not abuse its discretion by relying upon the available information, including its own observations of defendant, the nature of his remarks and the presentence report indicating that he had no psychiatric history to conclude that there was no reasonable basis to question his sanity or competency (see People v Tortorici, 92 NY2d at 765-766; People v Kot, 126 AD3d at 1024-1025; People v Stover, 123 AD3d 1232, 1233 [2014], lv denied 26 NY3d 936 [2015]; People v Duffy, 119 AD3d 1231, 1232-1233 [2014], lv denied 24 NY3d 1043 [2014]).

Lynch, Devine, Clark and Aarons, JJ., concur.

ORDERED that the judgment is affirmed.


ENTER:

Robert D. Mayberger
Clerk of the Court