People v Hisler (2018 NY Slip Op 01330)





People v Hisler


2018 NY Slip Op 01330


Decided on February 28, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 28, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
JOHN M. LEVENTHAL
CHERYL E. CHAMBERS
ROBERT J. MILLER, JJ.


2015-03635
 (Ind. No. 3265/13)

[*1]The People of the State of New York, respondent,
v
Paul Hisler, appellant.


Paul Skip Laisure, New York, NY (Jenin Younes of counsel), for appellant.
Richard A. Brown, District Attorney, Kew Gardens, NY (John M. Castellano, Johnnette Traill, Jill A. Gross-Marks, and Deborah Wassel of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Queens County (John B. Latella, J.), rendered April 20, 2015, convicting him of burglary in the second degree, assault in the second degree, criminal trespass in the second degree, and attempted escape in the second degree, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant's challenge to the legal sufficiency of the evidence supporting his conviction of assault in the second degree is unpreserved for appellate review (see CPL 470.05[2]). In any event, viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 260), we find that it was legally sufficient to establish the defendant's guilt of assault in the second degree beyond a reasonable doubt. Additionally, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d 342), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383, 410; People v Bleakley, 69 NY2d 490, 495). Upon reviewing the record here, we are satisfied that the verdict of guilt as to that crime was not against the weight of the evidence (see People v Romero, 7 NY3d 633, 643-644).
The defendant's argument that his waiver of the right to counsel was invalid because the Supreme Court failed to delve into the question of his competency and capacity to represent himself before permitting him to waive his right to counsel and proceed pro se is without merit. Under New York law, a defendant's mental capacity may be taken into account in determining whether to permit the defendant to proceed pro se, "although the trial court need not conduct a formal competency' hearing prior to adjudicating a self-representation request" (People v Stone, 22 NY3d 520, 527; see Faretta v California, 422 US 806). Here, in view of the whole record (see People v Providence, 2 NY3d 579, 583), the court had no reason to believe that the defendant suffered from a mental illness that affected his ability to waive counsel and proceed pro se. Consequently, the court providently exercised its discretion in not undertaking a particularized [*2]assessment of the defendant's mental capacity in resolving the defendant's request to proceed pro se (see People v Stone, 22 NY3d at 528-529; People v Paulin, 140 AD3d 985, 987; People v Leitzsey, 121 AD3d 1020, 1020).
The defendant's challenge to the admission of certain DNA evidence is unpreserved for appellate review (see People v Daly, 140 AD3d 593, 593-594; People v Harris, 129 AD3d 990, 991). In any event, the defendant's arguments are without merit (see People v John, 27 NY3d 294, 315).
BALKIN, J.P., LEVENTHAL, CHAMBERS and MILLER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court