People v Findley (2018 NY Slip Op 02545)





People v Findley


2018 NY Slip Op 02545


Decided on April 12, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 12, 2018

Sweeny, J.P., Richter, Andrias, Moulton, JJ.


6256 1171/11

[*1]The People of the State of New York, Respondent,
v
Michael Findley, Defendant-Appellant.


Seymour W. James, Jr., The Legal Aid Society, New York (Paul Wiener of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Yan Slavinskiy of counsel), for respondent.



Judgment, Supreme Court, New York County (Daniel P. Conviser, J.), rendered May 1, 2013, convicting defendant, after a jury trial, of robbery in the second degree, reckless endangerment in the first degree, grand larceny in the fourth degree and criminal possession of stolen property in the fourth degree, and sentencing him, as a second felony offender, to an aggregate term of 11 years, unanimously affirmed.
After permitting defendant to represent himself at trial, the court providently exercised its discretion in declining to replace or dismiss defendant's standby counsel. Initially, to the extent defendant sought to proceed with no standby counsel at all, that request was properly denied. That option would have risked a mistrial in the event termination of defendant's pro se status became necessary, and this was of particular concern because defendant had a history of disrupting the proceedings (see Faretta v California, 422 US 806, 834, n 46 [1975]). Defendant was under no obligation to solicit or accept any advice from his standby counsel.
Furthermore, there was no good cause for replacement of defendant's standby counsel, who was defendant's third assigned attorney, with yet another attorney (see People v Medina, 44 NY2d 199, 207-08 [1978]). While the record sometimes shows contentious exchanges between defendant and this attorney, the record also shows that he consulted with him, as a legal advisor, on other occasions. There was no irreconcilable conflict amounting to good cause for substitution (People v Linares, 2 NY3d 507, 510 [2004]). Defendant's "unjustified hostility" towards counsel does not warrant substitution (People v Taylor, 92 AD3d 556 [1st Dept 2012]), nor does any disagreement over trial strategy (Linares at 511). The attorney's negative comments about defendant, quoted in a newspaper article, should have been avoided, but they were made well before trial, and did not prejudice defendant or amount to an irreconcilable conflict. Similarly, in requesting another article 730 competency examination over defendant's objection, his legal advisor sought to act in defendant's interest, not contrary to it, and defendant's appellate counsel now takes the position that such an examination was warranted.
The court providently exercised its discretion in denying standby counsel's requests for a third CPL article 730 examination during trial, notwithstanding defendant's prior psychiatric history (see Pate v Robinson, 383 US 375 [1966]; People v Tortorici, 92 NY2d 757, 766 [1999], cert denied 528 US 834 [1999]; People v Morgan, 87 NY2d 878, 879-80 [1995]). The most recent reports concluded that defendant was competent, and the court, which was fully familiar with defendant, observed him during the proceedings. Although defendant was argumentative and obstreperous on numerous occasions, there was no indication that he was unable to understand the proceedings (People v Taylor, 92 AD3d 556, 557 [1st Dept 2012]).
The court properly declined to instruct the jury on the justification defense relating to emergencies (Penal Law § 35.05[2]). Defendant claimed the victim had tried to sexually assault him and had threatened to kill him in the back of the victim's cab. Even assuming defendant was justified in fleeing the victim, once defendant, who was under the influence of drugs and alcohol, [*2]had driven off at a high speed purportedly to contact the police, he did not stop when he saw a police car, and at this time the victim, and any related threat, were far away. Thus, at that point his conduct in continuing to drive at over 80 miles per hour through red lights in lower Manhattan was no longer "necessary as an emergency measure" (Penal Law § 35.05[2). However, a justification instruction under Penal Law § 35.15(1) was warranted regarding the robbery charge, because defendant testified that he punched the victim and took his cab after the victim threatened him and tried to sexually assault him. Nevertheless, any error in denying that charge was harmless (see People v Jones, 3 NY3d 491, 497 [2004]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: APRIL 12, 2018
CLERK