People v Estruch (2018 NY Slip Op 06379)





People v Estruch


2018 NY Slip Op 06379


Decided on September 28, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 28, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., CENTRA, LINDLEY, NEMOYER, AND TROUTMAN, JJ.


966 KA 13-00989

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
DENNIS ESTRUCH, DEFENDANT-APPELLANT. 






SESSLER LAW PC, GENESEO (STEVEN D. SESSLER OF COUNSEL), FOR DEFENDANT-APPELLANT.
GREGORY J. MCCAFFREY, DISTRICT ATTORNEY, GENESEO (JOSHUA J. TONRA OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Livingston County Court (Dennis S. Cohen, J.), rendered January 17, 2013. The judgment convicted defendant, upon a jury verdict, of reckless endangerment in the first degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of reckless endangerment in the first degree (Penal Law § 120.25). Contrary to defendant's contention, he was not denied his right to counsel by County Court's refusal to grant his request for new counsel inasmuch as defendant did not make a "seemingly serious request[]" for new counsel (People v Sides, 75 NY2d 822, 824 [1990]). We reject defendant's contention that he was denied his right to be present at a material stage of trial (see generally People v Roman, 88 NY2d 18, 26 [1996], rearg denied 88 NY2d 920 [1996]). The conversations between the court and defense counsel regarding defendant's competency did not require defendant's presence (see People v Kimes, 37 AD3d 1, 30-31 [1st Dept 2006], lv denied 8 NY3d 881 [2007], reconsideration denied 9 NY3d 846 [2007]; People v Horan, 290 AD2d 880, 884 [3d Dept 2002], lv denied 98 NY2d 638 [2002]). In any event, those conversations were repeated on the record when defendant was present, thus obviating any possible error (see People v Purcelle, 107 AD3d 1050, 1051 [3d Dept 2013]; People v Forte, 243 AD2d 578, 578 [2d Dept 1997], lv denied 91 NY2d 891 [1998]).
Finally, the court did not err in failing to sua sponte order a competency examination (see CPL 730.30 [1]; People v Bryant, 117 AD3d 1591, 1591 [4th Dept 2014], lv denied 23 NY3d 1034 [2014]; see generally People v Tortorici, 92 NY2d 757, 765 [1999], cert denied 528 US 834 [1999]). The record supports the court's determination that "[d]efendant's remarks . . . were suggestive of a[n] obstructionist frame of mind, not an incompetent one" (People v Johnson, 145 AD3d 1109, 1110 [3d Dept 2016], lv denied 29 NY3d 949 [2017]).
Entered: September 28, 2018
Mark W. Bennett
Clerk of the Court