People v McCray (2018 NY Slip Op 07256)





People v McCray


2018 NY Slip Op 07256


Decided on October 30, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 30, 2018

Richter, J.P., Manzanet-Daniels, Kapnick, Kern, Moulton, JJ.


7382 2901/12

[*1]The People of the State of New York, Respondent,
v
Robert McCray, Defendant-Appellant.


Christina A. Swarns, Office of the Appellate Defender, New York (Stephen Chu of counsel), for appellant.
Darcel D. Clark, District Attorney, Bronx (Cynthia A. Carlson of counsel), for respondent.



Judgment, Supreme Court, Bronx County (George Villegas, J. at CPL 190.50 motion; Martin Marcus, J. at jury trial and sentencing), rendered November 6, 2014, convicting defendant of arson in the second degree and criminal contempt in the first degree (three counts), and sentencing him to an aggregate term of 18 years, unanimously affirmed.
The court properly dismissed, as untimely, defendant's CPL 190.50 motion to dismiss the indictment on the ground that defendant was deprived of his right to testify before the grand jury. Contrary to defendant's assertion, the court specifically extended the deadline to file that motion to October 3, 2012, and not to October 18, the deadline to file other motions.
The court providently exercised its discretion in denying defense counsel's request for a CPL article 730 examination (see Pate v Robinson, 383 US 375 [1966]; People v Tortorici, 92 NY2d 757, 766 [1999], cert denied 528 US 834 [1999]; People v Morgan, 87 NY2d 878, 879-880 [1995]). Although defendant engaged in obstreperous behavior and made false or disruptive remarks, the record does not cast doubt on his ability to understand the proceedings and assist in his defense (see e.g. People v Taylor, 92 AD3d 556, 557 [1st Dept 2012]).
The court properly found that defendant forfeited his right to be present at trial (see CPL 260.20) through his frequent outbursts and interruptions of the proceedings, after the court repeatedly warned him that he would be removed from the courtroom if he continued such behavior (see People v Edwards, 265 AD2d 220 [1st Dept 1999], lv denied 94 NY2d 879 [2000]). Defendant was first removed during the prosecutor's summation due to his interruption of the prosecutor; defendant was brought back to the courtroom for jury deliberations with a final warning, but then properly removed when he interrupted the court's response to a jury note (see e.g. People v Valdes, 283 AD2d 187 [1st Dept 2001], lv denied 97 NY2d 688 [2001]). Defendant's right to be present was forfeited, rather than waived (see People v Corley, 67 NY2d 105, 110 [1986]), and thus his arguments concerning waiver are misplaced.
Defendant's ineffective assistance of counsel claim regarding the untimeliness of the dismissal motion is unavailing, because defendant has not shown prejudice under the state or federal standards (see People v Benevento, 91 NY2d 708, 713-714 [1998]; Strickland v Washington, 466 US 668 [1984]). Defendant has not show any reason to believe that he might have avoided indictment had there been a second grand jury presentation (see People v Simmons, 10 NY3d 946, 949 [2008]). Defendant's claim that he received ineffective assistance at sentencing is unreviewable on direct appeal, in the absence of a CPL 440.10 motion, because it [*2]involves matters not reflected in, or fully explained by, the record (see People v Rivera, 71 NY2d 705, 709 [1988]).
We perceive no basis for reducing the sentence.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: OCTOBER 30, 2018
CLERK