People v Hassan (2019 NY Slip Op 03363)





People v Hassan


2019 NY Slip Op 03363


Decided on May 1, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 1, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
SHERI S. ROMAN
SYLVIA O. HINDS-RADIX
HECTOR D. LASALLE, JJ.


2016-10215
 (Ind. No. 289/15)

[*1]The People of the State of New York, respondent,
v
Bilal Hassan, appellant.


Leon H. Tracy, Jericho, NY, for appellant.
Madeline Singas, District Attorney, Mineola, NY (Yael V. Levy and W. Thomas Hughes of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Nassau County (Philip M. Grella, J.), rendered August 25, 2016, convicting him of aggravated vehicular homicide (two counts), vehicular manslaughter in the first degree (two counts), manslaughter in the second degree, driving while intoxicated (two counts), aggravated unlicensed operation of a motor vehicle in the first degree, aggravated unlicensed operation of a motor vehicle in the second degree, reckless driving, and circumvention of an interlock device, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is affirmed.
We agree with the Supreme Court's determination to permit the trial to proceed without first holding a competency hearing pursuant to CPL 730.30. CPL 730.30(1) provides that "the court wherein the criminal action is pending must issue an order of examination when it is of the opinion that the defendant may be an incapacitated person." "The determination of whether to order a competency hearing lies within the sound discretion of the trial court" (People v Tortorici, 92 NY2d 757, 766; see People v Morgan, 87 NY2d 878, 879; People v Gensler, 72 NY2d 239, 247). Here, there was no indication that the defendant had a history of mental illness. Moreover, the court, which had ample opportunity to observe the defendant's behavior and demeanor, had a sound basis for determining that the defendant's behavior was more indicative of an attempt by him to impede the progress of the trial than genuine mental incompetency (see People v Wyche, 21 AD3d 281, 284; People v Chandler, 224 AD2d 992, 993). Additionally, the defendant was not deprived of his right to the effective assistance of counsel based on his counsel's failure to request a competency hearing (see People v Shaffer, 81 AD3d 989, 990; People v Terrell, 78 AD3d 865, 866).
The defendant's contention that the sentences imposed on the convictions of aggravated vehicular homicide (two counts), vehicular manslaughter in the first degree (two counts), and manslaughter in the second degree were "cruel and unusual" punishment is unpreserved for appellate review (see People v Pena, 28 NY3d 727, 730) and, in any event, without merit (see People v Miller, 74 AD3d 1097). The sentences imposed thereon were not excessive (see People v Suitte, 90 AD2d 80).
RIVERA, J.P., ROMAN, HINDS-RADIX and LASALLE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court