People v Boyer (2020 NY Slip Op 01965)





People v Boyer


2020 NY Slip Op 01965


Decided on March 19, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 19, 2020

Renwick, J.P., Gische, Mazzarelli, Webber, Singh, JJ.


11291 3518/15

[*1]The People of the State of New York, Respondent,
v
John Boyer, Defendant-Appellant.


Robert S. Dean, Center for Appellate Litigation, New York (Siobhan C. Atkins of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Katherine Kulkarni of counsel), for respondent.



Judgment, Supreme Court, New York County (Bonnie G. Wittner, J.), rendered April 20, 2017, convicting defendant, after a nonjury trial, of burglary in the second degree, and sentencing him, as a persistent violent felony offender, to a term of 16 years to life, unanimously affirmed.
Defendant's legal sufficiency claim is unpreserved, and we decline to review it in the interest of justice. As an alternative holding, we reject it on the merits. We also find that the court's verdict was not against the weight of the evidence (see People v Danielson, 9 NY3d 342, 348-349 [2007]). There is no basis for disturbing the court's evaluation of expert testimony introduced by both sides.
The central element of the People's proof was evidence that defendant was the major and only identifiable contributor to a DNA mixture found inside a football receiver glove that the perpetrator uncontestedly used and left behind in the burglarized apartment. The evidence supported reasonable inferences regarding the burglar's activities during the crime, including the inference that the burglar's efforts to climb to the apartment and enter it were strenuous. Expert testimony demonstrated that, given this level of exertion, which would cause the tight-fitting elastic glove to collect the wearer's sweat, it was extremely likely that the major DNA contributor and the burglar were the same person. In addition, aspects of defendant's interview with the police evinced a consciousness of guilt, and also showed that defendant was familiar with the particular building where the burglary occurred and had been in the area generally around the time of the crime. Furthermore, defendant's relatively small size was consistent with evidence supporting an inference that the burglar had to pass through a very narrow space to access the fire escape leading to the apartment.
The guilty verdict was further supported by evidence that defendant did not possess the glove when he was released from prison approximately 10 days before the crime, that he did not receive it in any package while incarcerated, and that it would have been confiscated as contraband had he possessed it. The court providently exercised its discretion in admitting this evidence, which was plainly relevant in that it increased the probability that defendant's DNA was deposited in the glove some time between his release and the burglary 10 days later, and not at some earlier time. The relevance of this evidence was heightened by testimony that the glove appeared to be new. "Moreover, the court expressly stated that, as factfinder in this nonjury trial, it would [disregard defendant's prior incarceration], and the court is deemed capable of keeping that promise" (People v Brown, 129 AD3d 545, 545 [1st Dept 2025], lv denied 26 NY3d 1038 [2015]).
The court had no obligation to inquire, sua sponte, into defendant's competency, because there was no reason to believe that he was unable to understand the proceedings or to assist in his defense (see Pate v Robinson, 383 US 375 [1966]; People v Tortorici, 92 NY2d 757 [1999], cert denied 528 US 834 [1999]; People v Morgan, 87 NY2d 878 [1995]).
We have considered and rejected defendant's claims that his jury waiver was invalid and that his counsel rendered ineffective assistance.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MARCH 17, 2020
CLERK