People v Lee (2021 NY Slip Op 06774)





People v Lee


2021 NY Slip Op 06774


Decided on December 02, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: December 02, 2021

Before: Gische, J.P., Kapnick, Kern, Gesmer, Kennedy, JJ. 


Ind No. 1900/16 Appeal No. 14751 Case No. 2019-1938 

[*1]The People of the State of New York, Respondent,
v
Donald Lee, Defendant-Appellant.


Robert S. Dean, Center for Appellate Litigation, New York (Elizabeth G. Caldwell of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Andrew E. Seewald of counsel), for respondent.



Judgment, Supreme Court, New York County (Mark Dwyer, J.), rendered March 1, 2019, convicting defendant, after a jury trial, of burglary in the first degree, robbery in the second degree, assault in the second degree and grand larceny in the fourth degree, and sentencing him to an aggregate term of 14 years, unanimously affirmed.
The court providently exercised its discretion in denying defense counsel's midtrial request for a new competency examination (see generally Pate v Robinson, 383 US 375 [1966]; People v Tortorici, 92 NY2d 757, 766 [1999], cert denied 528 US 834 [1999]; People v Morgan, 87 NY2d 878, 879-880 [1995]). Defendant's competency had been established in CPL article 730 proceedings before trial, and there had been no evidence of a change in his condition that would have required the court to order another examination (see People v Espinal, 123 AD3d 475, 476 [1st Dept 2014], lv denied 25 NY3d 1163 [2015]). Notwithstanding defendant's psychiatric illness, for which he had been treated, and his outburst in court, the record revealed his ability to understand the proceedings and assist in his defense (see e.g. People v McCray, 165 AD3d 595, 596 [2018], lv denied 32 NY3d 1175 [2019]). Defendant's claim that his psychiatric medication had been interrupted has not been substantiated.
Defendant forfeited and/or waived his right to be present during a portion of the trial testimony. The court had previously informed defendant of his right to be present throughout trial and advised him that the trial would continue in his absence if he chose not to be present. After defendant's profane outburst, he was removed from the courtroom. Defense counsel consulted with defendant, and thereafter advised the court that defendant did not want to return to the courtroom that day; defendant returned to court the next day and the trial proceeded without incident. By refusing to attend, defendant waived or forfeited his right to be present (see People v Sanchez, 65 NY2d 436 [1985]; People v Collins, 29 AD3d 434 [2006]).
The court providently exercised its discretion in permitting two officers to give lay opinion testimony that defendant was the man depicted in a surveillance videotape of the crime. This testimony "served to aid the jury in making an independent assessment regarding whether the man in the [video] was indeed the defendant" (People v Russell, 79 NY2d 1024, 1025 [1992]). The quality of the videotape was poor, defendant's appearance had changed, and the officers had spent sufficient time with defendant to be in a better position than the jurors to identify him on the video (see People v Boyd, 151 AD3d 641 [2017], lv denied 29 NY3d 1124 [2017]). Any potential prejudice was minimized by the court's limiting instructions that the officers' testimony was merely to aid the jury in its independent assessment of whether the man in the video was defendant (see People v Sanchez, 21 NY3d 216, 225 [2013]).
The court also providently exercised its discretion [*2]in denying defendant's mistrial motion based on two portions of the prosecutor's summation. The curative instructions that the court provided or offered to provide, in each instance, were sufficient to avoid any prejudice. By failing to object, by making generalized objections, and by failing to request further relief after objections were sustained, defendant failed to preserve any of his remaining challenges to the summation, and we decline to review them in the interest of justice. As an alternative holding, we find no basis for reversal (see People v Overlee, 236 AD2d 133 [1st Dept 1997], lv denied 91 NY2d 976 [1998]; People v D'Alessandro, 184 AD2d 114, 118-119 [1st Dept 1992], lv denied 81 NY2d 884 [1993]).
We perceive no basis for reducing the sentence.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 2, 2021