People v Garcia (2022 NY Slip Op 01647)





People v Garcia


2022 NY Slip Op 01647


Decided on March 11, 2022


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 11, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., CENTRA, PERADOTTO, NEMOYER, AND WINSLOW, JJ.


137 KA 17-01321

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
FRANK GARCIA, DEFENDANT-APPELLANT. 






TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER (HELEN SYME OF COUNSEL), FOR DEFENDANT-APPELLANT.
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (SCOTT MYLES OF COUNSEL), FOR RESPONDENT. 


 Appeal from a resentence of the Monroe County Court (Sam L. Valleriani, J.), rendered June 2, 2017. Defendant was resentenced upon his conviction of attempted murder in the first degree. 
It is hereby ORDERED that the resentence so appealed from is unanimously affirmed.
Memorandum: Defendant was convicted upon a jury verdict of two counts of murder in the first degree (Penal Law § 125.27 [1] [a] [viii]; [b]) and attempted murder in the first degree (§§ 110.00, 125.27 [1] [a] [viii]; [b]). On a prior appeal, we modified the judgment of conviction by vacating the sentence imposed on count three of the indictment and remitted the matter to County Court for resentencing (People v Garcia, 148 AD3d 1559, 1561-1562 [4th Dept 2017], lv denied 30 NY3d 980 [2017]). Defendant now appeals from the resentence. We affirm.
Defendant contends that the court erred in failing sua sponte to order a competency examination pursuant to CPL 730.30 (1) based on defendant's statements during the resentencing. "It is well settled that the decision to order a competency examination under CPL 730.30 (1) lies within the sound discretion of the trial court" (People v Williams, 35 AD3d 1273, 1274 [4th Dept 2006], lv denied 8 NY3d 928 [2007]; see People v Morgan, 87 NY2d 878, 879-880 [1995]). "A defendant is presumed competent . . . , and the court is under no obligation to issue an order of examination . . . unless it has 'reasonable ground . . . to believe that the defendant was an incapacitated person' " (Morgan, 87 NY2d at 880). Based on the record before us, we conclude that the court did not abuse its discretion in failing sua sponte to order a competency examination (see id. at 879-880; People v Estruch, 164 AD3d 1632, 1633 [4th Dept 2018], lv denied 32 NY3d 1171 [2019]). Defendant's remarks "were suggestive of a[n] . . . obstructionist frame of mind, not an incompetent one" (People v Johnson, 145 AD3d 1109, 1110 [3d Dept 2016], lv denied 29 NY3d 949 [2017]).
Entered: March 11, 2022
Ann Dillon Flynn
Clerk of the Court