People v Nelson (2022 NY Slip Op 06605)

People v Nelson

2022 NY Slip Op 06605

Decided on November 18, 2022

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 18, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., PERADOTTO, LINDLEY, WINSLOW, AND BANNISTER, JJ.

876 KA 17-00459

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
KAHLIL J. NELSON, DEFENDANT-APPELLANT. 

JEFFREY WICKS, PLLC, ROCHESTER (JEFFREY WICKS OF COUNSEL), FOR DEFENDANT-APPELLANT. 
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (HELEN A. SYME OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Supreme Court, Monroe County (Alex R. Renzi, J.), rendered September 14, 2016. The judgment convicted defendant upon a plea of guilty of murder in the second degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: On appeal from a judgment convicting him upon his plea of guilty of murder in the second degree (Penal Law § 125.25 [3]), defendant contends that Supreme Court erred in failing sua sponte to order a competency examination pursuant to CPL 730.30 (1). "It is well settled that the decision to order a competency examination under CPL 730.30 (1) lies within the sound discretion of the trial court" (People v Williams, 35 AD3d 1273, 1274 [4th Dept 2006], lv denied 8 NY3d 928 [2007]; see People v Morgan, 87 NY2d 878, 879-880 [1995]). "A defendant is presumed competent . . . , and the court is under no obligation to issue an order of examination . . . unless it has 'reasonable ground . . . to believe that the defendant was an incapacitated person' " (Morgan, 87 NY2d at 880). Based on the record before us, we conclude that the court did not abuse its discretion in failing sua sponte to order a competency examination (see id. at 879-880).
Defendant's further contention that his plea was not entered knowingly and voluntarily is not preserved for our review because he did not move to withdraw his plea or to vacate the judgment of conviction on that ground, and this case does not fall within the rare exception to the preservation requirement (see People v Lopez, 71 NY2d 662, 665-666 [1988]).
Entered: November 18, 2022
Ann Dillon Flynn
Clerk of the Court