Matter of Hailey H. (Brandy F.) (2025 NY Slip Op 05406)

Matter of Hailey H. (Brandy F.)

2025 NY Slip Op 05406

Decided on October 3, 2025

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 3, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., BANNISTER, SMITH, NOWAK, AND DELCONTE, JJ.

711 CAF 24-00850

[*1]IN THE MATTER OF HAILEY H. AND CALEB T. - ONTARIO COUNTY DEPARTMENT OF SOCIAL SERVICES, PETITIONER-RESPONDENT;
and
BRANDY F., RESPONDENT-APPELLANT. 

MULLEN ASSOCIATES LLC, BATH (ALAN P. REED OF COUNSEL), FOR RESPONDENT-APPELLANT. 
HOLLY A. ADAMS, COUNTY ATTORNEY, CANANDAIGUA (SANDRA J. PACKARD OF COUNSEL), FOR PETITIONER-RESPONDENT.
CATHERINE M. SULLIVAN, LIVERPOOL, ATTORNEY FOR THE CHILD. 
JESSICA B. SERRETT, GENEVA, ATTORNEY FOR THE CHILD. 

 Appeal from an order of the Family Court, Ontario County (Jacqueline E. Sisson, A.J.), entered April 22, 2024, in a proceeding pursuant to Social Services Law § 384-b. The order terminated the parental rights of respondent with respect to the subject children. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: In this proceeding pursuant to Social Services Law § 384-b, respondent mother appeals from an order that terminated her parental rights to the subject children on the ground of mental illness.
Initially, contrary to the assertion of petitioner and the attorneys for the children, we conclude that the mother's notice of appeal was timely filed inasmuch as the record establishes that the mother was served with the order appealed from only by email. Inasmuch as the mother "was served the order by [Family Court] via email, which is not a method provided for in Family Court Act § 1113, and there is no indication that [s]he was served by any of the methods authorized by the statute, . . . the time to take an appeal did not begin to run and . . . it cannot be said that the [mother's] appeal is untimely" (Matter of Grayson S. [Thomas S.], 209 AD3d 1309, 1311 [4th Dept 2022]; see generally Matter of Bukowski v Florentino, 210 AD3d 1520, 1521 [4th Dept 2022]).
With respect to the merits, we reject the mother's contention that petitioner failed to meet its burden on the petition. Indeed, petitioner met its burden of establishing by clear and convincing evidence that the mother was presently and for the foreseeable future unable, by reason of mental illness, to provide proper and adequate care for the children, who had each been in the care of an authorized agency for over one year immediately prior to the filing of the petition (see Social Services Law § 384-b [4] [c]). "[T]ermination of parental rights on the ground of mental illness 'requires a two-part determination at the fact-finding stage, first of the parent['s] condition and capacity, including consideration of measures on the part of the [s]tate to maintain the family setting, and second of the anticipated effect for the foreseeable future if the child is returned to the [parent's] care' " (Matter of Albert S. [Albert S.], 238 AD3d 1510, 1511 [4th Dept 2025]). Here, the testimony of petitioner's expert psychologists established that the mother suffers from posttraumatic stress disorder, bipolar disorder, and borderline personality disorder, and that " 'the child[ren] would be in danger of being neglected if [they were] returned to her care at the present time or in the foreseeable future' " (Matter of Landin F. [Jodi G.]., 222 [*2]AD3d 1405, 1406 [4th Dept 2023], lv denied 41 NY3d 909 [2024]; see Matter of Jason B. [Phyllis B.], 160 AD3d 1433, 1434 [4th Dept 2018], lv denied 32 NY3d 902 [2018]).
Finally, we reject the mother's contention that the court abused its discretion in declining to hold a dispositional hearing (see Matter of Michael S. [Rebecca S.], 165 AD3d 1633, 1633-1634 [4th Dept 2018], lv denied 32 NY3d 915 [2019]).
Entered: October 3, 2025
Ann Dillon Flynn
Clerk of the Court