■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PAUL J. CARPENTER, Appellant. (Appeal No. 1.) [786 NYS2d 683]—

Appeal from a judgment of the Cattaraugus County Court (Larry M. Himelein, J.), rendered January 26, 2004. The judgment convicted defendant, upon his plea of guilty, of attempted criminal sale of a controlled substance in the third degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: In appeal No. 1, defendant appeals from a judgment convicting him upon his plea of guilty of attempted criminal sale of a controlled substance in the third degree (Penal Law §§ 110.00, 220.39 [1]) and, in appeal No. 2, he appeals from a judgment convicting him upon his plea of guilty of driving while intoxicated as a misdemeanor (Vehicle and Traffic Law § 1192 [2]; § 1193 [1] [b]). Contrary to the contention of defendant with respect to each plea of guilty, his general waiver of the right to appeal encompasses County Court's suppression ruling (*see generally People v Kemp*, 94 NY2d 831, 833 [1999]). In any event, we reject the further contention of defendant that the court erred in denying his suppression motion. The record supports the court's determination that the statements of defendant to the police were made after he validly waived his *Miranda* rights, and there is no evidence that defendant " 'was intoxicated to the degree of mania, or of being unable to understand the meaning of his statements,' " to render his statements inadmissible (*People v Schompert*, 19 NY2d 300, 305 [1967], *cert denied* 389 US 874 [1967]; *see People v Williams*, 291 AD2d 891, 892 [2002], *lv denied* 98 NY2d 656 [2002]). The waiver by defendant of the right to appeal entered in connection with each plea also encompasses his challenge in each appeal to the severity of the sentence (*see People v Lococo*, 92 NY2d 825, 827 [1998]; *People v Hidalgo*, 91 NY2d 733, 737 [1998]) and, in

any event, the sentence imposed in each appeal is not unduly harsh or severe.

Defendant failed to preserve for our review his contention that, based on his alleged mental illness, his guilty pleas were not voluntarily, knowingly and intelligently entered (*see People v Schell*, 300 AD2d 1120, 1122 [2002], *lv denied* 99 NY2d 632 [2003]), and this case does not fall within the rare exception to the preservation requirement set forth in *People v Lopez* (71 NY2d 662, 666 [1988]). We also reject the contention of defendant that the court sua sponte should have ordered a competency evaluation pursuant to CPL article 730 (*see generally People v Garrasi*, 302 AD2d 981, 982-983 [2003], *lv denied* 100 NY2d 538 [2003]). "There is no evidence in the record that would have warranted the court to question defendant's competency or ability to understand the nature of the proceedings or the charges" (*People v Dunn*, 261 AD2d 940, 941 [1999], *lv denied* 94 NY2d 822 [1999]). Indeed, the only evidence before the court on the issue of defendant's competency was that defendant had a history of mental illness, and a "history of psychiatric illness does not in itself call into question defendant's competence" to proceed (*People v Tortorici*, 92 NY2d 757, 765 [1999], *cert denied* 528 US 834 [1999]; *see People v Morgan*, 87 NY2d 878, 881 [1995]).

We have considered defendant's remaining contention and conclude that it is without merit. Present—Pigott, Jr., P.J., Hurlbutt, Gorski, Martoche and Smith, JJ.