# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

1175
KA 10-00829
PRESENT: SMITH, J.P., FAHEY, SCONIERS, VALENTINO, AND WHALEN, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                           MEMORANDUM AND ORDER

JUMAN L. SHACKELFORD, DEFENDANT-APPELLANT.

---

TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER (MARTIN P. MCCARTHY, II, OF COUNSEL), FOR DEFENDANT-APPELLANT.

SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (NANCY GILLIGAN OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Monroe County Court (Frank P. Geraci, Jr., J.), rendered August 20, 2008. The judgment convicted defendant, upon his plea of guilty, of assault in the first degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him upon a plea of guilty of assault in the first degree (Penal Law § 120.10 [3]), defendant contends that his plea was not knowingly entered because the factual allocution failed to establish that he acted with depraved indifference. Defendant's contention is not preserved for our review inasmuch as he did not move to withdraw his plea or to vacate the judgment of conviction (*see People v Lopez*, 71 NY2d 662, 665; *People v Granger*, 96 AD3d 1667, 1667). In any event, the allocution was sufficient to establish that defendant acted with depraved indifference when he fired numerous shots from his 9 millimeter handgun into a house in which he had reason to believe people would be present (*see generally People v Suarez*, 6 NY3d 202, 214; *People v Payne*, 3 NY3d 266, 271-272, *rearg denied* 3 NY3d 767). Contrary to the further contention of defendant, defense counsel's statements regarding his competency at sentencing do not cast doubt on the voluntariness of the plea. Defendant was asked a number of questions during the plea proceedings to which he responded coherently and rationally, and there is no indication that defendant was unable to understand the implications of his decision to accept the plea offer (*see generally People v Wilcox*, 45 AD3d 1320, 1320, *lv denied* 10 NY3d 772).

Defendant's contention that he was denied effective assistance of counsel does not survive the plea "because defendant failed to demonstrate that 'the plea bargaining process was infected by [the]

allegedly ineffective assistance or that defendant entered the plea because of his attorney['s] allegedly poor performance' " (*People v Wright*, 66 AD3d 1334, 1334, *lv denied* 13 NY3d 912; *see People v Paduano*, 84 AD3d 1730, 1731).  Finally, we reject defendant's contention that the pretrial identification procedure was unduly suggestive (*see People v Sylvester*, 32 AD3d 1226, 1226-1227, *lv denied* 7 NY3d 929; *People v Cunningham*, 15 AD3d 945, 945-946, *lv denied* 4 NY3d 829).

Entered:  November 16, 2012                    Frances E. Cafarell
                                               Clerk of the Court