# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

1208

KA 13-00597

PRESENT: SMITH, J.P., CENTRA, FAHEY, LINDLEY, AND WHALEN, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V              MEMORANDUM AND ORDER

JEROME WILLIAMS, DEFENDANT-APPELLANT.

---

CHARLES J. GREENBERG, AMHERST, FOR DEFENDANT-APPELLANT.

BARRY L. PORSCH, DISTRICT ATTORNEY, WATERLOO FOR RESPONDENT.

---

Appeal from a judgment of the Seneca County Court (Dennis F. Bender, J.), rendered December 20, 2010. The judgment convicted defendant, upon his plea of guilty, of aggravated harassment of an employee by an inmate.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him, upon his plea of guilty, of aggravated harassment of an employee by an inmate (Penal Law § 240.32). As the People correctly concede, defendant's purported waiver of the right to appeal is invalid (*see People v Khan*, 291 AD2d 898, 898-899). By failing to move to withdraw the plea or to vacate the judgment of conviction, defendant failed to preserve for our review his contention that, based on his alleged mental illness, his guilty plea was not voluntarily, knowingly and intelligently entered (*see People v Carpenter*, 13 AD3d 1193, 1194, *lv denied* 4 NY3d 797). This case does not fall within the rare exception to the preservation requirement because the plea colloquy did not "clearly cast[] significant doubt upon the defendant's guilt or otherwise call[] into question the voluntariness of the plea" (*People v Lopez*, 71 NY2d 662, 666; *see Carpenter*, 13 AD3d at 1194). Nor does the presentence report cast significant doubt on the voluntariness of the plea. "A history of prior mental illness or treatment does not itself call into question defendant's competence . . . [, and t]here is no indication in the record that defendant was unable to understand the proceedings or that he was mentally incompetent at the time he entered his guilty plea" (*People v Robinson*, 39 AD3d 1266, 1267, *lv denied* 9 NY3d 869 [internal quotation marks omitted]). "Defendant was asked a number of questions during the plea proceedings to which he responded coherently and rationally, and there is no indication that defendant was unable to understand the implications of his decision to accept the plea offer" (*People v Shackelford*, 100 AD3d 1527, 1528, *lv denied* 21 NY3d 1009).

Insofar as defendant contends that he was denied effective assistance of counsel based on defense counsel's failure to investigate his history of mental illness and potential defenses, that contention involves matters outside the record on appeal and therefore must be raised by way of a motion pursuant to CPL article 440 (*see People v Dizak*, 93 AD3d 1182, 1185, *lv denied* 19 NY3d 972, *reconsideration denied* 20 NY3d 932).  Finally, we reject defendant's further contention that he was denied effective assistance of counsel because defense counsel failed to move to withdraw defendant's plea based on information regarding defendant's history of mental illness contained in the presentence report.  There is no basis upon which to conclude that defendant did not enter the plea knowingly, voluntarily and intelligently, and it is well settled that "[t]here can be no denial of effective assistance of [defense] counsel arising from counsel's failure to 'make a motion or argument that has little or no chance of success' " (*People v Caban*, 5 NY3d 143, 152, quoting *People v Stultz*, 2 NY3d 277, 287, *rearg denied* 3 NY3d 702; *see People v Keith*, 26 AD3d 879, 880, *lv denied* 6 NY3d 835).

Entered:  January 2, 2015                          Frances E. Cafarell
                                                    Clerk of the Court