# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

860

KA 14-00396

PRESENT: WHALEN, P.J., SMITH, LINDLEY, TROUTMAN, AND SCUDDER, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                   MEMORANDUM AND ORDER

JERWAN B. MCFARLEY, DEFENDANT-APPELLANT.
(APPEAL NO. 1.)

---

HUNT & BAKER, HAMMONDSPORT (BRENDA SMITH ASTON OF COUNSEL), FOR DEFENDANT-APPELLANT.

BROOKS T. BAKER, DISTRICT ATTORNEY, BATH (JOHN C. TUNNEY OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Steuben County Court (Joseph W. Latham, J.), rendered December 4, 2013. The judgment convicted defendant, upon his plea of guilty, of attempted criminal possession of a controlled substance in the third degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: In appeal No. 1, defendant appeals from a judgment convicting him upon a plea of guilty of attempted criminal possession of a controlled substance in the third degree (Penal Law §§ 110.00, 220.16 [1]) and, in appeal No. 2, defendant appeals from a judgment convicting him upon a plea of guilty of criminal possession of a controlled substance in the fourth degree (§ 220.09 [1]). Contrary to defendant's contention in each appeal, his waivers of the right to appeal were knowingly, voluntarily and intelligently entered. "Taking into account 'the nature and terms of the [plea] agreement and the age, experience and background of [defendant]' . . . , we conclude that the record of the plea colloquy [and the written waivers of the right to appeal] 'establish[ ] that the defendant understood that the right to appeal is separate and distinct from those rights automatically forfeited upon a plea of guilty' " (*People v Rios*, 93 AD3d 1349, 1349, *lv denied* 19 NY3d 966; *see generally People v Lopez*, 6 NY3d 248, 256). Moreover, "[n]o particular litany is required for an effective waiver of the right to appeal" (*People v Burley*, 136 AD3d 1404, 1404, *lv denied* 27 NY3d 993 [internal quotation marks omitted]; *see People v Durodoye*, 113 AD3d 1130, 1131), and we conclude that County Court fulfilled its obligation to "make certain that . . . defendant's understanding of the terms and conditions of [the] plea agreement [was] evident on the face of the record" (*Lopez*, 6 NY3d at 256).

Even assuming, arguendo, that defendant's contention that he was denied effective assistance of counsel at sentencing survives defendant's guilty pleas (*see People v Gregg*, 107 AD3d 1451, 1452) and the valid waivers of the right to appeal (*see People v Rossetti*, 55 AD3d 637, 638; *see also People v Nicholson*, 50 AD3d 1397, 1398-1399, *lv denied* 11 NY3d 834), we conclude that defendant's challenges to counsel's conduct at sentencing do not warrant reversal or modification of the judgments of conviction. Defendant contends that defense counsel coerced him into withdrawing his motion to withdraw the pleas, but that contention involves matters outside the record on appeal and must be raised by way of a motion pursuant to CPL 440.10 (*see e.g. People v Williams*, 124 AD3d 1285, 1286, *lv denied* 25 NY3d 1078; *People v Griffin*, 48 AD3d 1233, 1236, *lv denied* 10 NY3d 840). Defendant further contends that defense counsel failed to investigate a new criminal charge against defendant, which was being used as a basis to modify the terms of the agreed-upon sentence. That contention is also based on matters outside the record and must be raised by way of a motion pursuant to CPL article 440 (*see e.g. Williams*, 124 AD3d at 1286; *Griffin*, 48 AD3d at 1236). With respect to defense counsel's failure to request an *Outley* hearing concerning the validity of the new charge, we conclude that such a failure did not deprive defendant of meaningful representation because "[t]he record establishes that defendant 'receive[d] an advantageous plea and nothing in the record casts doubt on the apparent effectiveness of counsel' " (*People v Coker*, 133 AD3d 1218, 1218-1219, *lv denied* 27 NY3d 995, quoting *People v Ford*, 86 NY2d 397, 404; *see People v Davis*, 302 AD2d 973, 974, *lv denied* 100 NY2d 537).

Finally, while we do not condone defense counsel's statements that he would not listen to defendant and that defendant should engage another attorney if he was unhappy, we cannot conclude that those statements deprived defendant of meaningful representation under the circumstances of this case (*see generally Ford*, 86 NY2d at 404; *People v Baldi*, 54 NY2d 137, 147).

Entered:  November 10, 2016                    Frances E. Cafarell
                                               Clerk of the Court