# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**732**
**KA 14-01976**
PRESENT: SMITH, J.P., PERADOTTO, DEJOSEPH, TROUTMAN, AND SCUDDER, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                    MEMORANDUM AND ORDER

GILBERT CRUZ, DEFENDANT-APPELLANT.

---

THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (TIMOTHY P. MURPHY OF COUNSEL), FOR DEFENDANT-APPELLANT.

MICHAEL J. FLAHERTY, JR., ACTING DISTRICT ATTORNEY, BUFFALO (ASHLEY R. LOWRY OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Supreme Court, Erie County (John L. Michalski, A.J.), rendered August 28, 2014.  The judgment convicted defendant, upon his plea of guilty, of rape in the second degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum:  On appeal from a judgment convicting him upon his plea of guilty of rape in the second degree (Penal Law § 130.30 [1]), defendant contends that his waiver of the right to appeal is not valid, and he challenges the severity of the sentence.  We agree with defendant that the waiver of the right to appeal is invalid because Supreme Court failed to advise him properly of the potential period of postrelease supervision (*see generally People v Lococo*, 92 NY2d 825, 827; *People v Thomas*, 272 AD3d 985, 985-986).  Nevertheless, we conclude that the sentence, including the term of postrelease supervision, is not unduly harsh or severe.  We note, however, that both the certificate of conviction and the uniform sentence and commitment form incorrectly recite that defendant was convicted of attempted rape in the second degree rather than the completed crime. The certificate of conviction and the uniform sentence and commitment form must therefore be amended to correct that clerical error (*see People v Peyatt*, 140 AD3d 1680, 1680, *lv denied* 28 NY3d 935; *People v Maloney*, 140 AD3d 1782, 1783).

Frances E. Cafarell

Entered:  November 10, 2016

Clerk of the Court