People v Glowacki (2018 NY Slip Op 02097)





People v Glowacki


2018 NY Slip Op 02097


Decided on March 23, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 23, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., SMITH, PERADOTTO, CARNI, AND DEJOSEPH, JJ.


406 KA 15-02021

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
LEONARD GLOWACKI, DEFENDANT-APPELLANT. 






LINDA M. CAMPBELL, SYRACUSE, FOR DEFENDANT-APPELLANT. 
LEONARD GLOWACKI, DEFENDANT-APPELLANT PRO SE.
WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (JAMES P. MAXWELL OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Onondaga County Court (Thomas J. Miller, J.), rendered October 1, 2015. The judgment convicted defendant, upon his plea of guilty, of aggravated vehicular homicide and driving while intoxicated, a class E felony. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of aggravated vehicular homicide (Penal Law
§ 125.14 [1]) and driving while intoxicated as a class E felony (Vehicle and Traffic Law §§ 1192 [2]; 1193 [1] [c] [i] [A]). Contrary to the contention in defendant's main and pro se supplemental briefs, the record establishes that defendant knowingly, voluntarily and intelligently waived his right to appeal (see People v Taggart, 124 AD3d 1362, 1362 [4th Dept 2015]; see generally People v Lopez, 6 NY3d 248, 256 [2006]), and that valid waiver forecloses defendant's challenge to the severity of his sentence (see Lopez, 6 NY3d at 255; People v Hidalgo, 91 NY2d 733, 737 [1998]). Defendant further contends in his pro se supplemental brief that he was denied effective assistance of counsel at sentencing. Even assuming, arguendo, that defendant's contention survives his guilty plea and valid waiver of the right to appeal, "we conclude that defendant's challenges to counsel's conduct at sentencing do not warrant reversal or modification of the judgment[] of conviction" (People v McFarley, 144 AD3d 1521, 1522 [4th Dept 2016]).
We note that the uniform sentence and commitment form contains an inaccurate citation to Penal Law § 125.15 for aggravated vehicular homicide rather than the correct citation, Penal Law § 125.14. The uniform sentence and commitment form must therefore be amended to correct that clerical error (see People v Cruz, 144 AD3d 1494, 1495 [4th Dept 2016]; People v Hawkins, 70 AD3d 1389, 1389 [4th Dept 2010], lv denied 14 NY3d 888 [2010]).
Entered: March 23, 2018
Mark W. Bennett
Clerk of the Court