People v Brown (2018 NY Slip Op 07900)





People v Brown


2018 NY Slip Op 07900


Decided on November 16, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 16, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., CARNI, CURRAN, TROUTMAN, AND WINSLOW, JJ.


1174 KA 17-00642

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
COREY BROWN, DEFENDANT-APPELLANT. 






LINDA M. CAMPBELL, SYRACUSE, FOR DEFENDANT-APPELLANT. 
WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (JAMES P. MAXWELL OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Supreme Court, Onondaga County (John J. Brunetti, A.J.), rendered May 16, 2016. The judgment convicted defendant, upon his plea of guilty, of robbery in the first degree and attempted robbery in the first degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him, upon his plea of guilty, of robbery in the first degree (Penal Law
§ 160.15 [4]) and attempted robbery in the first degree (§§ 110.00, 160.15 [4]). Contrary to defendant's contention, the record establishes that he knowingly, voluntarily and intelligently waived his right to appeal (see People v Taggart, 124 AD3d 1362, 1362 [4th Dept 2015]; see generally People v Lopez, 6 NY3d 248, 256 [2006]), and that valid waiver forecloses his challenge to the severity of the sentence (see Lopez, 6 NY3d at 255; People v Hidalgo, 91 NY2d 733, 737 [1998]).
We note that the crimes of conviction listed on the uniform sentence and commitment form do not correspond with the counts of the indictment under which those crimes were charged. The uniform sentence and commitment form incorrectly reflects that count three of the indictment charged defendant with robbery in the first degree and count six of the indictment charged him with attempted robbery in the first degree, but count three of the indictment charged him with attempted robbery in the first degree and count six of the indictment charged him with robbery in the first degree. The uniform sentence and commitment form must therefore be amended to correct those clerical errors (see People v Glowacki, 159 AD3d 1585, 1586 [4th Dept 2018], lv denied 31 NY3d 1117 [2018]; People v Cruz, 144 AD3d 1494,
1495 [4th Dept 2016]).
Entered: November 16, 2018
Mark W. Bennett
Clerk of the Court