People v Tucker (2019 NY Slip Op 00731)





People v Tucker


2019 NY Slip Op 00731


Decided on February 1, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 1, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., CARNI, LINDLEY, NEMOYER, AND TROUTMAN, JJ.


118 KA 16-02333

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
DYQUANN M. TUCKER, DEFENDANT-APPELLANT. 






BRIDGET L. FIELD, ROCHESTER, FOR DEFENDANT-APPELLANT. 
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (LISA GRAY OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Monroe County Court (John L. DeMarco, J.), rendered June 17, 2015. The judgment convicted defendant, upon his plea of guilty, of murder in the second degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon a plea of guilty of murder in the second degree (Penal Law
§ 125.25 [1]). Defendant contends that the guilty plea was not entered knowingly, intelligently, or voluntarily because County Court failed to advise him that he was forfeiting his right to have the court rule on his suppression motion or any other pretrial motions. Defendant did not move to withdraw his guilty plea or vacate the judgment of conviction on that ground and thus failed to preserve his contention for our review (see People v Williams, 27 NY3d 212, 221-222 [2016]; People v Williams, 124 AD3d 1285, 1285 [4th Dept 2015], lv denied 25 NY3d 1078 [2015]). The " narrow exception' " to the preservation rule does not apply here inasmuch as defendant did not say anything during the plea colloquy that "cast significant doubt on his guilt, or otherwise called into question the voluntariness of his plea" (People v Gause, 133 AD3d 1367, 1367 [4th Dept 2015], lv denied 27 NY3d 997 [2016], quoting People v Lopez, 71 NY2d 662, 666 [1988]).
In any event, defendant's contention is without merit. "[T]rial courts are not required to engage in any particular litany during an allocution in order to obtain a valid guilty plea in which defendant waives a plethora of rights" (People v Moissett, 76 NY2d 909, 910-911 [1990]; see People v Sougou, 26 NY3d 1052, 1054-1055 [2015]). Here, in addition to advising defendant of his Boykin rights (see Boykin v Alabama, 395 US 238, 243 [1969]), the court confirmed with defendant that he understood the terms of the plea offer, that he was satisfied with his counsel's representation, and that he was not coerced into accepting the plea. Reviewing "the record as a whole and the circumstances of the plea in its totality" (Sougou, 26 NY3d at 1055), we conclude that the plea was knowing, intelligent, and voluntary (see People v Roulette, 55 AD3d 394, 395 [1st Dept 2008], lv denied 11 NY3d 930 [2009]; People v Whitehurst, 291 AD2d 83, 86 [3d Dept 2002], lv denied 98 NY2d 642 [2002]).
Entered: February 1, 2019
Mark W. Bennett
Clerk of the Court