People v Jones (2019 NY Slip Op 06954)





People v Jones


2019 NY Slip Op 06954


Decided on September 27, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 27, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CARNI, J.P., LINDLEY, DEJOSEPH, CURRAN, AND WINSLOW, JJ.


909 KA 17-00185

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
JAMES JONES, JR., DEFENDANT-APPELLANT. 






THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (SUSAN C. MINISTERO OF COUNSEL), FOR DEFENDANT-APPELLANT.
GREGORY J. MCCAFFREY, DISTRICT ATTORNEY, GENESEO (JOSHUA J. TONRA OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Livingston County Court (Robert B. Wiggins, J.), rendered November 22, 2016. The judgment convicted defendant, upon his plea of guilty, of criminal possession of a weapon in the second degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of criminal possession of a weapon in the second degree (Penal Law § 265.03 [3]). By failing to move to withdraw the plea or to vacate the judgment, defendant failed to preserve for our review his contention that, based on his alleged mental illness and comments that he made during the plea colloquy and the sentencing hearing, his guilty plea was not voluntarily, knowingly, and intelligently entered (see People v Wilkes, 160 AD3d 1491, 1491 [4th Dept 2018], lv denied 31 NY3d 1154 [2018]; People v Williams, 124 AD3d 1285, 1285 [4th Dept 2015], lv denied 25 NY3d 1078 [2015]). Contrary to defendant's contention, this case does not fall within the rare exception to the preservation requirement because nothing defendant said during the plea colloquy or the sentencing hearing "clearly cast[] significant doubt upon the defendant's guilt or otherwise call[ed] into question the voluntariness of the plea" (People v Lopez, 71 NY2d 662, 666 [1988]; see Williams, 124 AD3d at 1285-1286).
Defendant's comment during the factual allocution about the firearm's operability was equivocal and did not cast significant doubt on whether the gun actually functioned (see People v Goldstein, 12 NY3d 295, 301 [2009]; People v Ramos, 164 AD3d 922, 923 [2d Dept 2018], lv denied 32 NY3d 1114 [2018]). At most, defendant's comment betrayed his lack of knowledge with respect to the firearm's operability, but defendant's knowledge of the operability of the firearm is not an element of the offense (see People v Brown, 107 AD3d 1477, 1478 [4th Dept 2013], lv denied 21 NY3d 1040 [2013]). In addition, defendant's comment at sentencing did not cast doubt on his guilt because the challenged comment, which concerned the length of the available sentencing range, did not undermine any of the facts that supported defendant's guilt (cf. People v Beasley, 25 NY2d 483, 486-488 [1969]; People v Gresham, 151 AD3d 1175, 1177-1178 [3d Dept 2017]).
Finally, defendant's prior history of mental health problems did not cast significant doubt on the voluntariness of the plea. "A history of prior mental illness or treatment does not itself call into question [a] defendant's competence," and there is no indication in the record that defendant was unable to understand the plea proceedings or that he was mentally incompetent at the time he entered his guilty plea (People v Robinson, 39 AD3d 1266, 1267 [4th Dept 2007], lv denied 9 NY3d 869 [2007] [internal quotation marks omitted]; see Williams, 124 AD3d at 1286). During the plea colloquy, defendant denied suffering from any mental health problems at that time and, in general, "defendant's responses to [County C]ourt's inquiries appeared to be informed, competent and lucid" (People v Young, 66 AD3d 1445, 1446 [4th Dept 2009], lv [*2]denied 13 NY3d 912 [2009]; see People v Shackelford, 100 AD3d 1527, 1528 [4th Dept 2012], lv denied 21 NY3d 1009 [2013]).
Entered: September 27, 2019
Mark W. Bennett
Clerk of the Court