People v Smith (2021 NY Slip Op 05414)





People v Smith


2021 NY Slip Op 05414


Decided on October 8, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 8, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., CARNI, NEMOYER, TROUTMAN, AND WINSLOW, JJ.


628 KA 18-00172

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
VINCENT K. SMITH, JR., DEFENDANT-APPELLANT. 






CONNIE M. LOZINSKY, NIAGARA FALLS, FOR DEFENDANT-APPELLANT. 
BRIAN D. SEAMAN, DISTRICT ATTORNEY, LOCKPORT (THOMAS H. BRANDT OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Niagara County Court (Matthew J. Murphy, III, J.), rendered September 15, 2017. The judgment convicted defendant, upon a plea of guilty, of attempted criminal possession of a weapon in the second degree (two counts). 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him, upon his plea of guilty, of two counts of attempted criminal possession of a weapon in the second degree (Penal Law §§ 110.00, 265.03 [3]). By failing to move to withdraw the plea or to vacate the judgment of conviction, defendant failed to preserve for our review his contention that, based on his alleged mental illness, his guilty plea was not voluntarily, knowingly and intelligently entered (see People v Williams, 124 AD3d 1285, 1285 [4th Dept 2015], lv denied 25 NY3d 1078 [2015]; People v Carpenter, 13 AD3d 1193, 1194 [4th Dept 2004], lv denied 4 NY3d 797 [2005]). This case does not fall within the rare exception to the preservation requirement (see People v Lopez, 71 NY2d 662, 666 [1988]; Carpenter, 13 AD3d at 1194). The plea colloquy did not "clearly cast[] significant doubt upon the defendant's guilt or otherwise call[ ] into question the voluntariness of the plea," and County Court therefore had no duty to conduct further inquiry with respect to the plea (Lopez, 71 NY2d at 666).
Insofar as defendant contends that he was denied effective assistance of counsel based on defense counsel's failure to investigate his history of mental illness and potential defenses, that contention involves matters outside the record on appeal and therefore must be raised by way of a motion pursuant to CPL article 440 (see People v Dizak, 93 AD3d 1182, 1185 [4th Dept 2012], lv denied 19 NY3d 972 [2012], reconsideration denied 20 NY3d 932 [2012]). To the extent that defendant contends defense counsel was ineffective for failing to request a competency hearing and to present evidence of defendant's mental health condition, that contention survives the guilty plea " 'only to the extent that defendant contends that his plea was infected by the alleged ineffective assistance' " (People v Brown, 305 AD2d 1068, 1069 [4th Dept 2003], lv denied 100 NY2d 579 [2003]; see People v Wilcox, 45 AD3d 1320, 1320 [4th Dept 2007], lv denied 10 NY3d 772 [2008]), and we conclude that defendant was afforded meaningful representation. Defendant received an advantageous plea offer, and nothing in the record from defendant's plea proceeding casts doubt on the apparent effectiveness of defense counsel (see People v Ford, 86 NY2d 397, 404 [1995]).
Defendant further contends that the court erred in failing to sua sponte order a competency hearing. Although that contention survives the guilty plea to the extent that it implicates the voluntariness of defendant's plea (see People v Chapman, 179 AD3d 1526, 1527 [4th Dept 2020], lv denied 35 NY3d 968 [2020]), we reject that contention. A defendant is "presumed competent and is not entitled, as a matter of law, to a competency hearing unless the court has reasonable grounds to believe that, because of mental disease or defect, the defendant is incapable of understanding the proceedings against him or her" (People v Gunn, 35 AD3d 1243, [*2]1244 [4th Dept 2006], lv denied 8 NY3d 923 [2007], reconsideration denied 8 NY3d 985 [2007] [internal quotation marks omitted]; see People v Jackson, 163 AD3d 1360, 1361 [3d Dept 2018]). Here, the record reflects that defendant understood the proceedings and responded appropriately and coherently to all inquiries of the court. Prior to entering the plea, defendant assured the court that he had a clear mind and was able to make an important decision, and defendant made no statements that called into question the voluntariness of the plea or alerted the court "of the need to inquire as to his competency or to hold a competency hearing" (People v Hilts, 157 AD3d 1123, 1124 [3d Dept 2018] [internal quotation marks omitted]).
Finally, we note that the "certificate of disposition" lacks clarity and requires amendment (see generally People v Cutaia, 167 AD3d 1534, 1536 [4th Dept 2018], lv denied 33 NY3d 947 [2019]). First, the certificate contains four "charge[s]" rather than explicitly listing each of the five counts contained within the indictment. Thus, it is not clear from the face of the certificate that defendant was charged with two counts of criminal possession of a weapon in the second degree (Penal Law § 265.03 [3]). Second, it is not clear from the face of the certificate that counts two and four of the indictment-the two counts of criminal possession of a weapon in the second degree-were amended to the reduced charges of attempted criminal possession of a weapon in the second degree (§§ 110.00, 265.03 [3]). Finally, it is not clear from the face of the certificate that defendant pleaded guilty to both counts of attempted criminal possession of a weapon in the second degree, nor is it clear from the face of the certificate that defendant was sentenced to two determinate concurrent terms of imprisonment. Thus, the certificate must be amended to clearly indicate that: (1) defendant was charged with two counts of criminal possession of a weapon in the second degree under counts two and four of the indictment; (2) counts two and four were reduced to attempted criminal possession of a weapon in the second degree; and (3) defendant pleaded guilty to both counts of attempted criminal possession of a weapon in the second degree and was sentenced to two determinate terms of seven years' imprisonment on those counts, to run concurrently.
Entered: October 8, 2021
Ann Dillon Flynn
Clerk of the Court