People v Allen (2025 NY Slip Op 02441)

People v Allen

2025 NY Slip Op 02441

Decided on April 25, 2025

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 25, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: LINDLEY, J.P., MONTOUR, OGDEN, NOWAK, AND KEANE, JJ.

98 KA 20-01680

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
MARLANDO A. ALLEN, ALSO KNOWN AS CHRISTOPHER CAMP/BRANDO, DEFENDANT-APPELLANT. 

SARAH S. HOLT, CONFLICT DEFENDER, ROCHESTER (FABIENNE N. SANTACROCE OF COUNSEL), FOR DEFENDANT-APPELLANT. 
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (LISA GRAY OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Monroe County Court (Vincent M. Dinolfo, J.), rendered November 19, 2020. The judgment convicted defendant, upon a plea of guilty, of murder in the second degree (three counts). 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him, upon his plea of guilty, of three counts of murder in the second degree (Penal Law § 125.25 [1]). Defendant first contends that County Court abused its discretion in failing, sua sponte, to order a competency examination prior to accepting his guilty plea inasmuch as, on prior occasions, defendant had been adjudicated incompetent to stand trial and was committed to a psychiatric institution. Preliminarily, we note that the issue of competency survives defendant's guilty plea and waiver of the right to appeal, the validity of which he does not challenge (see People v Smith, 198 AD3d 1347, 1348 [4th Dept 2021]; People v Henderson, 162 AD3d 1507, 1508 [4th Dept 2018], lv denied 32 NY3d 1004 [2018]), and need not be preserved for our review (see People v Robinson, 225 AD3d 1266, 1266 [4th Dept 2024], lv denied 42 NY3d 1021 [2024]; Henderson, 162 AD3d at 1508). Nevertheless, the contention is without merit. "The determination of whether to order a competency hearing lies within the sound discretion of the trial court . . . [and] [t]he . . . issue is whether the trial court abused that discretion, not whether it might have been reasonable to order a hearing" (People v Tortorici, 92 NY2d 757, 766 [1999], cert denied 528 US 834 [1999]; see Robinson, 225 AD3d at 1267). "[A] history of prior mental illness and treatment does not itself call into question defendant's competence" (People v Brown, 229 AD3d 1150, 1151 [4th Dept 2024] [internal quotation marks omitted]; see People v Robinson, 39 AD3d 1266, 1267 [4th Dept 2007], lv denied 9 NY3d 869 [2007]). Here, in contrast to defendant's prior appearances that resulted in a finding that he was not competent, during the plea proceedings defendant gave appropriate answers to the court's questions, he stated that he understood the nature of the charges against him and that he could actively participate in the proceedings, and he did not make any statements that called into question his competency or the voluntariness of his plea (see Smith, 198 AD3d at 1349).
Defendant further contends that defense counsel was ineffective in failing to request a competency hearing. To the extent that defendant's contention survives his guilty plea and waiver of the right to appeal (see Henderson, 162 AD3d at 1508), we conclude that defendant was afforded meaningful representation inasmuch as defendant received an advantageous plea offer, and nothing in the record from defendant's plea proceeding casts doubt on the apparent effectiveness of his counsel (see Smith, 198 AD3d at 1348; see also Brown, 229 AD3d at 1151).
Entered: April 25, 2025
Ann Dillon Flynn
Clerk of the Court