People v Williams (2026 NY Slip Op 00659)

People v Williams

2026 NY Slip Op 00659

Decided on February 11, 2026

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 11, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: LINDLEY, J.P., BANNISTER, OGDEN, NOWAK, AND DELCONTE, JJ.

22 KA 23-00822

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
vSAMIERE WILLIAMS, DEFENDANT-APPELLANT. 

JULIE CIANCA, PUBLIC DEFENDER, ROCHESTER (JANE I. YOON OF COUNSEL), FOR DEFENDANT-APPELLANT.
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (GRAZINA HARPER OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Monroe County Court (Stacey Romeo, A.J.), rendered July 19, 2022. The judgment convicted defendant upon a plea of guilty of murder in the second degree and criminal possession of a weapon in the second degree (two counts). 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of one count of murder in the second degree (Penal Law § 125.25 [1]) and two counts of criminal possession of a weapon in the second degree (§ 265.03 [1] [b]; [3]).
Contrary to defendant's contention, we conclude that the oral colloquy, together with the written waiver of the right to appeal, " 'was sufficient to support a knowing and voluntary waiver under the totality of the circumstances' " (People v Jones, 239 AD3d 1475, 1476 [4th Dept 2025]; see People v Hannah T., 240 AD3d 1260, 1261 [4th Dept 2025]; see generally People v Thomas, 34 NY3d 545, 559-564 [2019], cert denied — US &mdash, 140 S Ct 2634 [2020]). Defendant, relying on People v Sutton (184 AD3d 236, 244-245 [2d Dept 2020], lv denied 35 NY3d 1070 [2020]), also contends that the waiver is invalid because it was included as part of the plea agreement as offered by County Court and the court failed to sufficiently articulate the reasons for its demand. This Court, however, has not adopted the rule created by the Second Department (see People v Gaines, 239 AD3d 1350, 1350 [4th Dept 2025]; People v Figueroa, 230 AD3d 1581, 1583 [4th Dept 2024], lv denied 42 NY3d 1079 [2025]). In any event, the court here, unlike the trial court in Sutton, "included the appeal waiver as a condition of the plea offer prior to accepting defendant's plea and articulated on the record that the appeal waiver was required in order for defendant to secure the benefit of the sentencing limitation promised by the court" (Figueroa, 230 AD3d at 1583; see Gaines, 239 AD3d at 1350). Contrary to defendant's further contention, a waiver of the right to appeal is not unconscionable per se (see People v Barr, 192 AD3d 1571, 1571 [4th Dept 2021], lv denied 37 NY3d 954 [2021]; see generally Thomas, 34 NY3d at 557), nor was it unconscionable for the court to demand a waiver of the right to appeal as a condition of a favorable plea bargain (see e.g. Gaines, 239 AD3d at 1350; Figueroa, 230 AD3d at 1583).
Defendant's valid waiver of the right to appeal precludes our review of his challenge to the severity of his sentence (see People v Lopez, 6 NY3d 248, 256 [2006]; People v Brinkman, 240 AD3d 1431, 1432 [4th Dept 2025], lv denied 44 NY3d 1027 [2025]), and we decline to reduce the sentence pursuant to our interest of justice jurisdiction (cf. Hannah T., 240 AD3d at 1262). 
Defendant's contention that he was denied effective assistance of counsel survives his guilty plea and valid waiver of the right to appeal "only insofar as defendant contends that the plea bargaining process was infected by [the] allegedly ineffective assistance or that [he] entered [*2]the plea because of [his] attorney['s] allegedly poor performance" (People v Richards, 239 AD3d 1330, 1331 [4th Dept 2025], lv denied 44 NY3d 1013 [2025] [internal quotation marks omitted]; see People v Molski, 179 AD3d 1540, 1540-1541 [4th Dept 2020], lv denied 35 NY3d 972 [2020]; People v Rausch, 126 AD3d 1535, 1535 [4th Dept 2015], lv denied 26 NY3d 1149 [2016]). "Where, as here, a defendant contends that [they were] denied the right to effective assistance of counsel guaranteed by both the Federal and New York State Constitutions, we evaluate the claim using the state standard, which affords greater protection than its federal counterpart" (People v Conway, 148 AD3d 1739, 1741 [4th Dept 2017], lv denied 29 NY3d 1077 [2017]; see People v Stultz, 2 NY3d 277, 282-284 [2004], rearg denied 3 NY3d 702 [2004]). Under the state standard, "[s]o long as the evidence, the law, and the circumstances of a particular case, viewed in totality and as of the time of the representation, reveal that the attorney provided meaningful representation, the constitutional requirement will have been met" (People v Baldi, 54 NY2d 137, 147 [1981]; see People v Kates, 162 AD3d 1627, 1631 [4th Dept 2018], lv denied 32 NY3d 1065 [2018], reconsideration denied 32 NY3d 1173 [2019]). "In the context of a guilty plea, a defendant has been afforded meaningful representation when [they] receive[ ] an advantageous plea and nothing in the record casts doubt on the apparent effectiveness of counsel" (People v Ford, 86 NY2d 397, 404 [1995]; see Kates, 162 AD3d at 1631; People v Brown, 305 AD2d 1068, 1069 [4th Dept 2003], lv denied 100 NY2d 579 [2003]). Here, defense counsel secured a favorable plea bargain for defendant, and nothing in the record casts doubt on the apparent effectiveness of defense counsel (see Ford, 86 NY2d at 404; People v Smith, 198 AD3d 1347, 1348 [4th Dept 2021]).
Entered: February 11, 2026
Ann Dillon Flynn
Clerk of the Court